## Orville S. Abbott v. Rousseau Mathews and another.

*Referee: Exceptions: Report: Conclusions of law: Findings of fact.* Objections to the proceedings before a referee, on matters of practice, must be taken by exception, as in trials at the circuit. And after his report is filed, all exceptions not taken before him must be confined to his conclusions of law; his finding of facts being, in such case, conclusive.

*Referee: Non-suit.* A plaintiff failing to appear on trial before a referee, will be subject to the same proceedings as on a similar failure at the circuit, and judgment as in case of non-suit, will be rendered against him.

*Report of referee: Exceptions: Irregularities.* A party who excepts to the conclusions of law in a report of a referee, and makes no motion to suppress it, waives all objections to irregularities in the reference proceedings.

*Taxation of costs: Judicial action: Remedy: Writ of error.* The taxation of costs is not "judicial action" in the proper sense of the term, but ministerial, and similar in its nature to the action of auditing officers; it may, therefore, be made by the clerk, and cannot be reviewed on error. An appellate court can only review the proceedings of the circuit court as a court, and that court does not act upon costs, unless on some motion or application to correct the taxation already made by its ministerial officers; and a writ of error would not be the proper remedy, if any lies, to review such corrective action.

*Heard October 31.    Decided November 7.*

Error to Van Buren Circuit.

*Newton Foster,* for plaintiff in error.

*Arthur Brown,* for defendants in error.

CAMPBELL, J.

In this case, after issue joined, a reference was had by agreement, to Henry F. Severens, and he reported that plaintiff failed to appear before him at the time and place appointed, but that defendants appeared, and made proof of service of notice as returned; and that he therefore reported that a judgment of nonsuit should be entered, with costs to the defendants.

To this report plaintiff filed the following exceptions: "The plaintiff, by his attorneys, Foster & Field, comes and excepts to the report of the referee, of the law, and his conclusions of law, made in his report in this cause."

The circuit court rendered judgment for defendants on the report.

Several suggestions of irregularity were made on the argument, but we think they cannot be raised here. All objections to the proceedings before the referee, should be taken before him by way of exception, as on a trial in the circuit, or raised upon motion in the circuit court to set aside his action. The record is not different in referred cases from that in others; and matters of practice in preparing for trial, and upon the trial proceedings, would not come up on writ of error, without exceptions. Irregularities may form grounds for relief by motion, but not for reversal on error, unless ruled upon during trial. Upon the report itself, after filing, the exceptions not taken before the referee, are confined to the referee's conclusions of law, his report being conclusive on the facts.—*Sess. L., 1861, p. 160, § 9.*

As the referee found in this case that the plaintiff failed to appear, judgment as in case of nonsuit, was the proper judgment. A reference standing in lieu of a trial in court, a neglect to prosecute must stand on the same footing in both, or the defendant would be without remedy.—See *2*

ABBOTT v. MATHEWS.

*Comp. L.*, §§ *4409–10–11.* If the referee had declined to proceed, it would have been necessary to ask relief in the circuit court, to have the cause expedited.—*Sess. L. 1861, p. 159.* But here, after the referee had proceeded and reported, the plaintiff, instead of complaining of irregularity, accepts the report as regular, and merely excepts to its conclusions of law, which were correct if his other action was correct. He thereby waived all other objections to the referee's action.

It is also objected that the costs are not allowable, because the taxation is made by the clerk. It is claimed taxation is a judicial act, and that by the constitution, none but courts can exercise the judicial power. The judicial power, properly so called, has never been vested anywhere but in courts. But courts have never spent their time in taxing bills of cost, unless upon appeal from the taxation made by some ministerial officer. This business is nothing more than the exercise of a ministerial power, involving to some degree, the use of judgment and discretion, like that of auditing officers, and it has never been imposed, in the first instance, on any court of record.

And for this reason we cannot review on error, the correctness of this taxation. No question of that kind can come before an appellate court, until passed upon by the circuit court as a court, which can only be upon some motion or proceeding by way of appeal.

If, on the bill as settled upon such appeal, there is any error involving a denial of a legal right, and not resting in discretion, the remedy here would not be on error, but by some of the other remedial processes appropriate to such special cases.

There are no errors in any of the proceedings lawfully before us, and the judgment must be affirmed, with costs.

The other Justices concurred.