## A. D. WALKER v. AUGUSTUS A. FLEMING.

1. LIMITATION OF ACTION; *Demurrer — When Sustained, When Not.* Before a demurrer can be sustained to a petition upon the ground that the plaintiff's action is barred by the statute of limitation, the court must be able to find by an examination of the petition that the cause of action is so barred; and if said petition does not so show upon its face, the demurrer must be overruled.

2. PRAYER, *Misstatement in, no Ground for Demurrer*. Where a petition states facts which, if true, constitute a good cause of action in favor of the plaintiff and against the defendant, but in the prayer of the petition judgment is asked upon a wrong theory of the case, *held*, that the plaintiff is entitled to whatever relief the facts stated in his petition entitle him to, and a misstatement in the prayer for relief is no ground for a demurrer.

3. COVENANT OF WARRANTY; *Breach; Damages; Practice.* Where an action is brought to recover damages for a breach of covenant of warranty in a deed, and the petition sets out that at the date of the deed of purchase there were outstanding regular and valid tax certificates constituting a valid lien against the premises described in the deed, the assignment of the certificates in due form, and the regular indorsement thereon of the taxes paid by the holder of the tax certificates in due form; and the taking out of tax deeds thereon in due form of law; and the purchase and conveyance of said tax title to the plaintiff by a deed of conveyance in due form; and the only answer to this petition is a general denial, not verified by the defendant: *Held*, That the answer does not put in issue the tax proceedings and title, but the regularity and legal effect of said tax proceedings are admitted thereby.

*Error from Jackson District Court.*

ACTION by *Augustus A. Fleming* against *A. D. Walker* and *James H. Lowell*, to recover damages for the breach of covenants in a certain deed executed by defendants to plaintiff. His petition is as follows (court and title omitted):

· "Plaintiff avers that on the 5th day of March, 1879, the defendants, together with Annie E. Walker, wife of said A. D. Walker, and Kate M. Lowell, wife of said James H. Lowell, by deed in writing of that date duly executed, acknowledged and delivered, (a copy of which is .hereto attached, marked 'Exhibit A,' and made a part hereof,) in consideration of $600 by the plaintiff then in hand paid to the defendants, granted, bargained, sold and conveyed to the plaintiff and to his heirs and assigns forever, all of the following described tract and parcel of land, lying, being and situate in the county of Jackson and state of Kansas, to wit: the northwest quarter of section twenty-one, in township five, of range fifteen, together with all and singular the hereditaments and appurtenances thereunto belonging or in any wise appertaining, to have and to hold the said premises, with the appurtenances, unto the said Augustus A. Fleming, his heirs and

assigns forever; and the defendants by said deed covenanted to and with the plaintiff, his heirs and assigns forever, that they, the defendants, were lawfully seized of the premises aforesaid, that said premises were free and clear from all liens and incumbrances whatsoever, and that they would forever warrant and defend the same, with the appurtenances, unto the plaintiff, his heirs and assigns, against the lawful claim or claims of all persons whatsoever.

"And plaintiff avers that at the time of making and delivering said deed said premises were not free and clear of liens and incumbrances, but on the contrary said premises were then subject to valid liens for unpaid taxes lawfully assessed and levied against said premises for each of the following years, to wit: 1861, 1862, 1863, 1864, 1865, 1866, 1867, 1868, 1869, 1870, 1871, 1872, 1873, 1874, 1875, 1876, 1877, 1878; that said premises had been lawfully sold at tax sale on the 8th day of May, 1862, and the 1st day of May, 1866, respectively, by the county treasurer of Brown county, Kansas, in which county said land was situated, at each of said dates respectively; and that at the date of the execution and delivery of said deed by defendants to the plaintiff as aforesaid, valid tax-sale certificates based upon said tax sales were outstanding, in full force and virtue, and each of said tax-sale certificates was then held by one Medad Harvey, and the taxes, penalties and charges for all of said years from 1861 to 1878, both inclusive, had been paid by the said Medad Harvey and his grantors and assignors claiming under said tax-sale certificates, and by reason of the premises aforesaid the said Medad Harvey, at the date of the execution and delivery of said deed by the defendants to the plaintiff as aforesaid, then had and held a valid lien against said premises for the taxes, penalties, costs, charges and interest for all of the years aforesaid, to wit, the years 1861 to 1878, both inclusive, and for an amount equal to the cost of redemption at that time, to wit, the sum of one thousand dollars; and that thereafter, to wit, on or about the 6th day of July, 1881, said Medad Harvey, for value received, sold, assigned and delivered said tax-sale certificates to one F. D. Mills, and on the 3d day of February, 1882, the county clerk of Brown county, state of Kansas, duly made, executed, acknowledged and delivered to said F. D. Mills a tax deed in writing of that date, in due form, based upon said tax sale of May 8, 1862, and conveying said premises to said F. D. Mills; and that on the 4th day of May, 1882, the county clerk of Brown county, state of Kansas, made, executed, acknowledged

and delivered to said F. D. Mills two other certain tax deeds in writing of that date, based respectively upon said tax sales of May 8, 1862, and May 1, 1866; and the subsequent taxes and charges paid by the tax purchaser and his assigns as aforesaid, each of said tax deeds being in due form of law, and each conveying to said F. D. Mills the said tract of land sold and conveyed by the defendants to this plaintiff as aforesaid, and which said two tax deeds last mentioned were on the 6th day of May, 1882, filed for record in the office of the register of deeds of Jackson county, Kansas, and duly recorded therein, in book 26 of deeds, at pages 610 to 611 and 612, respectively.

"Plaintiff further avers that he, the said plaintiff, was compelled to remove said incumbrance and was compelled to and did pay the full sum of $1,000 to discharge the same, of all of which the defendants were duly notified; yet the defendants, though often requested, have not paid to plaintiff the sum of money so paid by him for the removal of said incumbrances upon the title to said premises as aforesaid, or any part thereof, but on the contrary have refused and still refuse to pay the same. And plaintiff avers that by reason of the premises so as aforesaid averred, he has sustained damage in the sum of one thousand dollars. Plaintiff further avers that the defendants, A. D. Walker and James H. Lowell, have each been absent from the state of Kansas more than one year, since the 5th day of March, 1879.

"Wherefore, for the causes aforesaid, plaintiff prays judgment against the defendants for the sum of five hundred and ninety-nine dollars, with interest thereon from the 5th day of March, 1879, at the rate of 7 per cent. per annum, and for all costs of this action."

To said petition the defendants filed a general demurrer, which was overruled. Thereafter they filed their answer, as follows:

"1. The defendants deny each and every allegation of the plaintiff's petition.

"2. Defendants say that plaintiff ought not to have his action herein, because he did not commence the same until more than five years after the same accrued, and by statute his alleged claim is barred."

Trial by the court, at the June Term, 1885. The court found in favor of the plaintiff and against defendant *Walker*,

and in favor of *Lowell* and against the plaintiff, and gave judgment for the plaintiff against *Walker* for $861.80 and costs, and judgment for costs in favor of *Lowell*. *Walker* filed his motion for a new trial, which was overruled. He brings the case here for review.

*Lucien Baker*, and *James H. Lowell*, for plaintiff in error.

*Hayden & Hayden*, for defendant in error.

Opinion by CLOGSTON, C.: The plaintiff in error contends that the petition does not state facts sufficient to constitute a cause of action: first, for the reason that, if at the time of making the deed there was a tax lien against the land conveyed, as is alleged, then the covenant was broken as soon as the deed was made, and the lien, as alleged, after making said deed, was merged into a tax deed; second, because no action was brought by the tax-title holder within two years after taking out a tax deed; third, that the tax-title was barred by the fifteen-year statute of limitation. The demurrer was properly overruled. The plaintiff stated the fact, and although a pleader may say that the action was for damages for money paid to extinguish a tax-lien on the land purchased, instead of alleging the purchase of an outstanding tax-title to the premises, yet it would not change the nature of the cause of action when all the facts were stated; and these facts show a cause of action in favor of the plaintiff and against the defendant. The petition alleges a valid outstanding tax-sale certificate against the land, at the time of making the deed; the subsequent taking out of a tax deed, and the purchase by plaintiff of this tax lien; and because plaintiff described the tax title as a tax lien, would make no difference, and could not change the legal effect of his petition; the facts themselves determine what cause of action the petition states, and not what the pleader may call the cause of action founded upon those facts.

2. Cause of action, determined by the facts stated.

As to the second and third objections urged against the petition, we think the counsel are wrong in their conclusions.

The petition does not state such facts upon its face as show that the statute of limitation had run either against the tax deed or tax lien. Nothing was alleged that could be construed as stating that possession was held by the plaintiff or his grantors during the time the tax-sale certificates were held, or after the deed was taken out on said tax-sale certificates; and for all the allegations in the petition, the premises may be unimproved and unoccupied; and if so, the tax-deed holder would be presumed to be in possession. And because there is no allegation in the petition of a breach of covenant of possession, that omission cannot be taken as an admission that the possession was in the plaintiff, and raises no presumption of fact that he was in possession. True, he makes no complaint about the possession, but claims damages only for money paid in extinguishing this tax lien and title. A demurrer can be sustained on the ground that the cause of action

1. Bar to action; demurrer, when sustained. is barred only when it clearly appears upon the face of the petition that it is barred; and if the bar is not so shown, it must be raised by answer. This is also true of the fifteen-year limitation urged by counsel. No possession is alleged or claimed by plaintiff, which must be shown with the claim or color of title before the statute can be pleaded as a bar. Therefore the court committed no error in overruling the demurrer.

At the trial, objection was made by the defendant, plaintiff in error, to receiving in evidence the tax-sale certificates, the indorsements thereon, and the assignments of the same; also to the tax deed issued upon said tax-sale certificates, and in fact to all the evidence tending to establish a tax title or lien on the premises in question; and each of these objections is now urged as a reason for the reversal of the judgment rendered in the court below.

The first question is, can any of these objections avail the defendant? The defendant's answer set up but two defenses: first, a general denial; second, the statute of limitation. As to the last, it being a question of fact, and the trial court having found in favor of the plaintiff and against the defendant,

(plaintiff in error,) we shall not consider this defense; and in fact no error is urged or claimed by reason of the finding of the court thereon. This leaves an issue of fact only as presented by the defendant's general denial. And this brings us to the inquiry, what question of fact the denial raised. After a careful examination of the petition we are of the opinion that no question of fact was put in issue thereby. The petition alleges the lawful assessment and levy of the taxes on the premises for all the years from 1861 to 1878, both years inclusive, and lawful tax sales thereunder for the taxes for the years 1861 and 1865; the execution and delivery of the tax-sale certificates based upon said sales for the years 1861 and 1865; that said tax-sale certificates were then outstanding, in full force and effect, and were duly held by Medad Harvey; the payment of all the taxes, penalties and charges under and by reason of the holding of said tax-sale certificates; the assignment and delivery of the certificates by Harvey to Mills; the execution and delivery by the county clerk of tax deeds in due form, and based on said tax-sale certificates.

Section 128 of the code of civil procedure provides that "every material allegation of the petition, not controverted by the answer, . . . shall, for the purposes of the action, be taken as true." And § 108 of the code reads as follows:

"SEC. 108. In all actions, allegations of the execution of written instruments and indorsements thereon, of the existence of a corporation or partnership, or of any appointment or authority, shall be taken as true, unless the denial of the same be verified by the affidavit of the party, his agent or attorney."

The defendants' denial, not being verified as provided by § 108, was of no avail to them, for it admitted the execution of the tax-sale certificates, the indorsements thereon, the assignment of the same, and the execution of the tax-deeds. This was an admission not only of their execution, assignment and indorsement, but the legal effect of said instruments, and what they would fairly prove and establish.

3. Legal effect of general denial, not verified.

12 — 37 KAS.

In the case of *Reed v. Arnold*, Mr. Justice VALENTINE says:

"When the execution of a written instrument is admitted by the pleadings, its legal effect must of necessity follow; and what its legal effect is, is purely a question of law for the court to determine. There is, then, no issue of fact with reference to the existence or effect of the written instrument upon which evidence can be introduced to the jury; and evidence can never be introduced to a jury except in support of some issue of fact made by the pleadings." (10 Kas. 104. Also, see *Barkley v. The State*, 15 Kas. 100; *Pears v. Wilson*, 23 id. 346.)

So in this case, the execution and authority being admitted, the legal effect would be a regular assessment and levy, and a regular sale, and the issuing of tax-sale certificates based thereon; their assignment and indorsement of taxes paid, and the assignment of said certificates, and a deed duly issued thereon, in due form, is a legal admission of a perfect tax record; and this tax title being admitted by the defendants' answer, the court should have sustained defendants' objections to their introduction, not upon the grounds urged, but only for the reason that they were not controverted by the answer. But the introduction of said record by the plaintiff was not such an error as would work any injustice to the defendants. It was simply proving what the defendants had admitted; it was unnecessary and immaterial, therefore not material error.

It is therefore recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.