## WARD v. REES.

INJUNCTION—COSTS, TAXATION OF—JUSTICES OF THE PEACE—EQUITY.

1. The remedy for an erroneous taxing of costs by a justice of the peace is a motion to have them retaxed; and, if the ruling thereon is not satisfactory to the moving party, the matter may be reviewed by the District Court on error or appeal.

2. The fact that the party aggrieved by an erroneous taxing of costs by a justice of the peace has lost his remedy by ap-

peal through inaction on his part does not entitle him to relief by an injunction restraining the levy of execution.

3. Since there is a complete and adequate remedy at law for an erroneous taxing of costs by a justice of the peace, there is no ground in such case for injunction to restrain the collection of such costs.

4. Taxation of costs is merely a ministerial act performed by the clerk of the court, or other ministerial officer, and any appeal therefrom must be, in the first place,. to the court in which the action is pending or was tried. Until passed upon by the court, the question cannot come before an appellate court by appeal or otherwise.

5. The taxation of costs by a justice of the peace is a ministerial act, and until he has adjudicated the question of the correctness of such taxation upon a motion for that purpose, it is not subject to review by an appellate court.

6. In the absence of all the familiar grounds of equity jurisdiction, it is not the duty or power of a court of equity to invade the precincts of a court of common law jurisdiction for the purpose of taxing costs.

[Decided May 25, 1903.]          (72 Pac., 581.)

ERROR to the District Court, Uinta County, HON. DAVID H. CRAIG, Judge.

David Rees, against whom a judgment had been rendered by a justice of the peace, commenced this action in the District Court, asking the aid of the court by injunction to restrain John Ward, the sheriff of the county, from levying an execution issued upon such judgment. The cause of complaint was that certain of the costs taxed for witness fees and mileage, and for the attendance of the justice, were illegal and not authorized by law. The petition was demurred to as not stating sufficient facts to constitute a cause of action. The demurrer was overruled, and for want of further pleading on the part of the defendant judgment was rendered against him for costs, and the temporary injunction which had been allowed was made permanent. Defendant prosecuted error.

*J. H. Ryckman,* for plaintiff in error.

The defendant in error had a plain, speedy and adequate remedy at law, and equity will afford him no relief. If he was dissatisfied with the judgment for costs, he should have appealed to the District Court within fifteen days from the time the judgment was rendered against him, but he neither appealed, which is the proper method in most states, to correct a judgment for costs, nor did he adopt the practice in vogue in certain other states by moving to retax, either before or after the time for appeal had expired.

Costs are included in and constitute a part of the judgment, and hence, though ascertained and adjudged by the court, after an entry of judgment by the clerk has been made, yet the law considers such action of the court as having preceded the final judgment. (Empire, &c., Co. v. Bonanza, &c., Co., 67 Cal., 406; Burt v. Ambrose, 11 Ore., 26; Rosa v. Junkins, 31 Hun (N. Y.), 384.)

It is a rule to which there is no exception that errors or mistakes in the taxation of costs cannot be corrected in any collateral proceedings. (Mott v. State, 145 Ind., 353; Small v. Benfield, 66 N. H., 206; Stevensen v. Smith, 28 Cal., 102; Nicklin v. Hobin, 13 Ore., 406; Crosby v. Stephan, 97 N. Y., 609.)

Therefore, where a party has an adequate remedy by appeal, and through his own negligence this remedy is lost, he cannot obtain equitable relief by injunction against the judgment. (Howard v. Eddy, 56 Kan., 498; Adams v. Harrington, 114 Ind., 66; Houk v. Barthold, 73 Ind., 21; Caskey v. City, 78 Ind., 233; Sims v. City, 79 Ind., 446; City v. Smith, 83 Ind., 502; Cauldwell v. Curry, 93 Ind., 363; Johnson v. Reed, 57 Pac., 680; Daly v. Pennie, 86 Cal., 552; Bowman v. McGregor, 6 Wash., 118; R. Co. v. Birmingham T. Co., 25 So., 777; Phillips v. Watson, 63 Ia.; 30; Hollenbeak v. McCoy, 59 Pac., 201; Quinn v. Wetherbee, 41 Cal., 247; Daly v. Pennie, 86 Cal., 552; Sunol v. Pieo, 6 Cal., 294; Story's Eq., Sec. 1572.)

No appearance for defendant in error.

CORN, CHIEF JUSTICE.

This was a suit brought to enjoin the levy of an execution. A temporary injunction was allowed, a demurrer to the petition was overruled and, the plaintiff in error refusing to plead further, there was a judgment by the District Court that the injunction be made perpetual. The original judgment upon which the execution issued was rendered by a justice of the peace and the complaint of the petition is that certain costs, taxed by the justice and included in the judgment, are illegal. The defendant in error tendered the principal amount of the judgment and the costs admitted by him to be legal and the injunction was allowed as to the remainder.

The demurrer should have been sustained. The error, if any, should have been brought to the attention of the justice by a motion to retax the costs and, if the party was dissatisfied with the ruling upon the motion, he had his right under the statute to take the matter before the District Court by appeal or by proceedings in error. The District Court, having the case before it, would then have retaxed the costs and corrected any errors found to exist. In the meantime a stay of execution could be had in the manner provided by statute, until the decision of the District Court was obtained. There was thus a complete and convenient remedy at law and no ground for the intervention of a court of equity by injunction. (Wills v. Goodbread, 1 Iredell Eq., 9; Mayor v. Cornell, 9 Hun, 215; Allen v. Woodson, 60 Tex., 651; Miller v. Adams, 4 Scam., 196; Peoria R. R. Co. v. Bryant, 15 Ill., 438; Whiteside v. Rayle, 3 Humph., 205; Ross v. McCarty, id., 169.) And the fact that the party aggrieved has lost his remedy by neglecting to prosecute his appeal does not entitle him to relief by injunction. (High Inj., 173.)

There is another slightly different view of the question which leads necessarily to the same conclusion and makes it clear that defendant in error was not entitled to the relief sought. It is evident that the petition for an injunc-

tion in this case is in substance merely a motion to retax
the costs, and that the temporary injunction was a mere stay
of the execution, pending an examination of the cost bill
by the District Court. (Lockart v. Stucklen, 49 Tex., 766.)
If the court obtained jurisdiction of the matter in this pro-
ceeding and decided that no more was legally due than had
been tendered by defendant in error, the plain remedy would
be to correct the amount stated in the execution. And the
officer having the execution in his hands, finding that it
was fully paid by the tender, would have only one course
to pursue; that is, to return the execution satisfied. But
the District Court did not have jurisdiction to retax the
costs. The taxation of costs is a merely ministerial act per-
formed by the clerk of the court, or other ministerial officer,
and any appeal from the taxation as made by him must be
in the first place to the court in which the action is pending,
or was tried. And until the question is passed upon by such
court, as a court, it cannot come before an appellate court
by appeal or otherwise. (Abbott v. Matthews, 26 Mich.,
178; McCann v. George, 9 B. Mon., 56; In re Connison, 2
How. Pr., 31; Allen v. Woodson, 60 Tex., 651.)

The fact that a justice of the peace has no clerk and
taxes the costs in the first place himself does not alter the
case. He is simply the clerk of his own court, and the tax-
ation of costs by him is a merely ministerial act. Not until
he has adjudicated the matter upon a motion for that pur-
pose does it become a judicial decision subject to be reviewed
by some other court having appellate or revisory jurisdic-
tion. And, obviously, in the absence of all the familiar
grounds of equity jurisdiction, it is not one of the duties or
powers of a court of chancery to invade the precincts of a
court of common law jurisdiction for the purpose of taxing
costs. As said in Whiteside v. Rayle, *supra:* "It is possible
that a case might exist in which, owing to the wrong or
fraud of a party in a suit at law, a court of chancery might
be clothed with jurisdiction to investigate, supervise and
correct the taxation of costs. But so summary and so ample

is the power of a court of common law over the subject that it is difficult to imagine even the existence of such à case."

The judgment will be reversed with instructions to the District Court to dismiss the suit at plaintiff's costs.

*Reversed.*

KNIGHT, J. ,and POTTER, J., concur.