J. E. LUCAS v. THE BOARD OF COUNTY COMMIS-
SIONERS OF THE COUNTY OF FORD.

No. 13,167.   (73 Pac. 56.)

SYLLABUS BY THE COURT.

PRACTICE, DISTRICT COURT—*Defense to Action on Verified Ac-
count.*  The fact that a verified account sued on and set out in
the petition is not denied by a verified affidavit of the defendant
does not preclude the latter from interposing any defense pleaded
in the answer which does not involve a denial of the reasonable-
ness of the amounts charged in the verified account, or the cor-
rectness of the items.  In such case, it may be shown in defense
of the action that the plaintiff agreed to charge nothing for items
of work done set out in the verified account, or that the account
has been paid.

Error from Finney district court; WILLIAM EASTON
HUTCHISON, judge.   Opinion filed July 10, 1903.   Af-
firmed.

*Milton Brown,* for plaintiff in error.

*G. L. Finley,* county attorney, for defendant in error.

The opinion of the court was delivered by

SMITH, J. : This was an action brought on two ac-
counts against the commissioners of Ford county to
recover for printing done for said county.   After the
original petition had been filed the court allowed
plaintiff below to attach thereto two itemized and
verified accounts, showing the amounts due him.
There was no verified denial of these accounts by de-
fendant in error, but the answer set out a contract in
writing between Lucas and the county, wherein he
agreed that if, in a contest to be had in court, it was
decided that one Klaine, who asserted the right to do
the county printing, was declared to be the official
county printer, he (Lucas) would charge nothing for

Lucas v. Ford County.

the work done by him.   It was further alleged that in such contest the newspaper owned by Klaine was held to be the official county paper and that Klaine was entitled to do the printing under a contract he had with the commissioners.

Plaintiff below filed a motion for judgment on the pleadings, on the ground that the verified accounts on which the action was based were admitted to be just and correct by a failure of the defendants to make denial of their correctness under oath, and that no issue was raised by the unverified answer.   The motion was overruled.   While there are many assignments of error, the brief of counsel for plaintiff in error confines the argument to the erroneous action of the court in overruling his motion for judgment.

In his reply brief counsel attempts to present other questions and discusses other points of alleged error, but we must look to his original brief to ascertain the grounds of his complaint.   The office of a reply brief is to answer arguments advanced on the other side. They are not provided for in our rules but are allowed to be filed on application as a matter of favor only.

The failure of defendants below to take issue on the correctness of the account did not preclude them from showing that it was paid, or setting up any other defense which did not involve a denial of the reasonableness of the amounts charged or the correctness of the items.   Here an express contract was pleaded in the answer, signed by plaintiff in error, in which it was stipulated that he was to charge nothing for the printing if it was determined in court that Klaine was entitled to do the work.   This defense was not in denial of the correctness of the account on which Lucas sued, but partook of the nature of a defense by way of con-

fession and avoidance.    (*Johnston v. Johnson*, 44 Kan. 666, 24 Pac. 1098; *Coal Co. v. Brick Co.*, 52 id. 747, 35 Pac. 810.)

The judgment of the court below will be affirmed.

All the Justices concurring.