GEORGE M. CURTIS *et al.* v. W. C. SCHMEHR.
No. 13,581. (76 Pac. 434.)

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*Amendment of Petition.* It is not error for the court to permit a petition in a suit to quiet title to be amended before answer so as to change the action to one in ejectment, where no prejudice to the defendant results.

2. ———— *Validity of Tax Deed—Pleading.* The validity of a tax deed good upon its face may be put in issue by an unverified pleading.

Error from Ford district court; ED. H. MADISON, judge. Opinion filed April 9, 1904. Affirmed.

*F. Dumont Smith*, for plaintiffs in error.
*Sutton & Scates*, for defendant in error.

The opinion of the court was delivered by

MASON, J.: On February 19, 1902, W. C. Schmehr brought suit against George M. Curtis to quiet plaintiff's title to a quarter-section of land and to annul a tax deed held by defendant thereon. On June 7, 1902, and before any pleading had been filed by defendant, plaintiff by leave of court filed an amended petition converting the action into one for the posses-

sion of the same land.   Defendant moved to strike out
the amended petition for the reason that it changed the
cause of action.   This motion was overruled, and de-
fendant answered claiming title and possession under
a tax deed.   Plaintiff filed an unverified reply ad-
mitting the sale of the land for taxes and the issuance
of a tax deed, but alleging that the charge for which
it was sold and for which the deed was issued in-
cluded a number of illegal items, which were set out
in detail.   The case was tried upon an agreed state-
ment of facts, which were fatal to the validity of the
tax deed, the defendant reserving the right to object
on the score of irrelevance and immateriality.   De-
fendant objected to the introduction of any evidence,
for the reason that the reply did not state facts suffi-
cient to constitute a defense to the answer, and to the
introduction of the agreed statement of facts for the
same reason, and for the reason that the facts stated
were irrelevant and immaterial.   The objections were
overruled and judgment followed for plaintiff, defend-
ant being given a lien for taxes paid.   Defendant
asks the reversal of the judgment.

It is urged by plaintiff in error that the plaintiff
should not have been permitted, by filing an amended
petition, to change his proceeding from an equitable
suit to quiet title to a legal action in ejectment.   The
amendment was not one that in any way prejudiced
the defendant's rights.   If any question were pre-
sented of the running of the statute of limitations be-
tween the commencement of the original action and
the filing of the amended petition the case would be
wholly different.   The allowance of the change in the
cause of action was within the discretion of the court
and is not a ground of reversal.   (*Stevens v. Matthew-
on*, 45 Kan. 594, 26 Pac. 38.)

The only other claim of error is based upon the fact that the reply was not verified. The argument is made that the defendant having pleaded the execution of the tax deed the failure to deny such execution under oath admitted not only the manual execution of the deed, but its validity and the regularity of all proceedings upon which it was founded. The case of *Walker v. Fleming*, 37 Kan. 171, 177, 14 Pac. 470, is cited in support of this contention. In that case the plaintiff claimed under certain tax deeds, alleging in detail the proceedings upon which such deeds were founded, as well as the execution of the deeds themselves. The answer was an unverified general denial, of which the court said:

"The defendants' denial, not being verified as provided by section 108, was of no avail to them, for it admitted the execution of the tax-sale certificates, the indorsements thereon, the assignment of the same, and the execution of the tax deeds. This was an admission not only of their execution, assignment, and indorsement, but the legal effect of said instruments, and what they would fairly prove and establish. . . . The execution and authority being admitted, the legal effect would be a regular assessment and levy and a regular sale, and the issuing of tax-sale certificates based thereon; their assignment and indorsement of taxes paid, and the assignment of said certificates, and a deed duly issued thereon, in due form, is a legal admission of a perfect tax record."

The inference sought to be drawn from this language, that under all circumstances a failure to deny under oath an allegation of the execution of a tax deed conclusively admits its validity, is not justifiable. The conclusions announced in the case cited resulted from the application of two distinct and independent rules of pleading. The execution of the deed was admitted by the failure to deny it under

oath ; and the regularity of the prior tax proceedings
was admitted by the failure to allege any defects,
either under oath or otherwise.  The plaintiff was re-
quired merely to allege the execution of the deeds.
A presumption of their validity followed from the
statute.  (Gen. Stat. 1901, § 7676.)  If the defendant
could not deny the execution of the deeds it was then
incumbent upon him, in order to raise an issue with
regard to them, to plead as new matter any facts
claimed to render them invalid.  It might have been
contended that, as the plaintiff went further than
necessary, and gratuitously pleaded affirmatively that
certain of the steps in the tax proceedings were duly
taken, a mere denial was sufficient to raise the ques-
tion as to the truth of these averments.  But this
argument seems not to have been considered, and the
court evidently assumed that it was necessary for the
defendant to plead specifically his affirmative defenses,
even though the plaintiff had anticipated them and
needlessly attempted to deny them in advance.
Whether this assumption was sound need not be dis-
cussed.  It has been held, however, that payment
cannot be proved under a general denial, even when
the petition expressly alleges non-payment.  (*Clark v.
Spencer*, 14 Kan. 398, 408, 19 Am. Rep. 96.)  The
doctrine of the case cited is merely that the failure to
deny under oath an allegation of the execution of a tax
deed conclusively admits the fact of such execution,
and this fact, so established, creates a presumption of
the validity of the deed, which presumption will con-
trol unless challenged by a pleading (which need not
be under oath) and rebutted by evidence.  This is
illustrated by what was said in one of the cases cited
in its support :

"Now no allegation of the petition concerning said

indorsements on said promissory note was put in issue by any denial verified by affidavit, and hence all said allegations, and said indorsements 'must be taken as true.' And everything that these indorsements will reasonably prove must also be taken as true, unless the contrary is shown to be true.'' (*Pears v. Wilson*, 23 Kan. 343, 346.)

So, in the syllabus of *Eggan v. Briggs*, 23 Kan. 710, it was said of the failure to deny the execution of a note and indorsement :

''The defendant by failing to file said affidavits admitted conclusively 'the execution of such instrument' and 'the making of such indorsement,' and admitted *prima facie* all that such note and indorsement would reasonably prove, by way of inference, presumption, or implication.'' (See, also, *Lucas v. Ford Co.*, 67 Kan. 418, 73 Pac. 56, and cases there cited.)

A parallel to the present case would be afforded by an ordinary petition upon a promissory note followed by an unverified answer setting up a want of consideration. The execution of the note being admitted, a sufficient consideration would also be admitted *prima facie*, in the sense that such an admission would carry a presumption of consideration ; but this presumption the defendant would be at liberty, under his pleading, to disprove if he could. If, however, such a petition should contain an allegation that the note was given for a valuable consideration and the answer should consist of an unverified general denial, an exact parallel to *Walker v. Fleming*, supra, would be presented, and obviously, as there held, such pleadings would raise no issue, unless upon the theory that where the plaintiff unnecessarily alleges the existence of a fact a mere denial will support evidence of its non-existence—a theory, as already suggested, which was not discussed in the opinion.

In the case at bar the verification of the reply would not have changed the situation in the least degree. The only effect of the failure to verify was to admit the execution of the tax deed, and as this was specifically and expressly admitted, a verification would have neither added to, nor detracted from, the admission. An admission by the mere failure to make an effective denial can certainly be no more damaging to the pleader than an admission deliberately made in so many words. In *Douglass v. Lowell*, 55 Kan. 574, 577, 40 Pac. 917, it was said:

"It is urged that the two tax titles of the defendants having been specifically pleaded in the answer, and the plaintiff admitting by her reply that the land was subject to taxation, that it was sold for non-payment of taxes, that tax deeds issued on such sales, and no defect being pointed out in the reply, their validity must be taken as admitted. The plaintiff did not admit, however, by her reply that the taxes had been duly assessed and levied upon the property, nor that the land was duly sold for delinquent taxes, and her general denial was sufficient to raise an issue as to said facts; and, in the absence of attack by any of the methods hereinbefore indicated, this was a sufficient basis for the testimony offered on the part of the plaintiff, showing, among other things, that some of the taxes of 1874 and subsequent years up to the date of the tax deed of 1878 were illegal, which proof was fatal to the tax title."

In that case a very liberal rule as to the admission of evidence was adopted by reason of the conduct of the case in the trial court; otherwise, an attack on the validity of the tax deeds would probably not have been permitted under a general denial. But the decision is necessarily an explicit authority in support of the proposition that the admission of the execution of a tax deed does not cut off an inquiry into the regu-

larity of the proceedings upon which it is based. We hold that the unverified reply raised an issue upon which the agreed facts were admissible in evidence.

The judgment is affirmed.

All the Justices concurring.