## CHAMPION et ux. v. OKLAHOMA CITY LAND & DEVELOPMENT CO.

No. 6905—Opinion Filed July 25, 1916.

Rehearing Denied Sept. 12, 1916.

Second Petition for Rehearing Denied Oct. 24, 1916.

(139 Pac. 854.)

1. **Appeal and Error—Briefs—Necessity.**
Where plaintiff in error files his brief in accordance with the rules of this court, and defendant files no brief within the time allowed, this court is not required to search the record to sustain the judgment of the trial court, but, if the plaintiff's brief appears to fairly sustain his assignments of error, may reverse the judgment.

2. **Judgment—Pleadings—Issues.**
The rendition of a judgment which is entirely outside of the issues as made by the pleadings constitutes reversible error.

(Syllabus by Burford, C.)

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by T. F. Champion and wife against the Oklahoma City Land & Development Company. There was a judgment in part for plaintiffs and in part for defendant, from which judgment the plaintiffs appeal. Reversed and remanded, with directions.

See, also, ante, p. 133, 156 Pac. 342.

Ledbetter, Stuart & Bell, for plaintiff in error.

Opinion by BURFORD, C. This was an action instituted in the district court of Oklahoma county by T. F. Champion and wife to cancel certain contracts for deeds, entered into between the plaintiff and one H. S. Hurst. During the course of the trial all of the defendants, except the Oklahoma City Land & Development Company were discharged for various reasons, and the cause proceeded between the plaintiffs and said company. The petition alleged that plaintiffs had entered into certain option contracts with the defendant Hurst which afterwards became by assignment the property of the defendant company. The essence of these contracts was that the plaintiffs were to convey certain land to the company, provided the defendant constructed, operated, and maintained a standard electric railway to the lands in suit. It was alleged that the defendant had failed to construct, maintain, and operate said railroad, but that the option contracts had been recorded and constituted a cloud upon the title of the plaintiffs, and that their land had been damaged in the sum of $5,000. The prayer was for cancellation of the contracts, removal of the cloud upon their title, and for the recovery of damages sustained. The defendant answered, alleging a complete compliance upon its part with the terms of the contract, and that it was entitled to conveyance of the land, but that the plaintiffs had failed and refused to convey the same at the proper time, and that thereby the land had decreased in value in the sum of $17,500. The prayer was for a specific performance of the contract and a conveyance of the land, and for a recovery of the damages sustained by failing to convey the land at the proper time. A reply in the form of a general denial was filed, and upon these pleadings the cause was tried. The court rendered a judgment in which the option contract were canceled, and the cloud removed from plaintiff's title, upon the condition that the sum of $1,000 be paid to the defendant, and the sum was made a lien upon the land in question.

The plaintiff has filed his brief in accordance with the rules of this court, in which it fairly appears that the portion of the judgment rendered, which gave to defendant a recovery in the sum of $1,000, and made the same a lien upon the land, was without the issues. The defendant has filed

no brief. Under order of this court it was given 20 days after the decision on the motion to dismiss, heretofore pending in this cause, in which to brief the cause. That motion was decided on the 21st day of March, 1916, and the defendant has to this date failed to file any brief. Under such circumstances we are not required to search the record for some reason to sustain the judgment of the trial court.

It fairly appears from the brief of the plaintiff in error that the plaintiff was entitled either to a cancellation of the deeds and a recovery of damages to his property, if any had been suffered, or that he was not 'entitled to any relief whatever, and that the defendant was entitled to a specific performance of the option contract, including a conveyance of the lands, and to recover its damages, if any, or it was not entitled to any relief whatever. The respective rights of the plaintiff and defendant depended upon whether or not there had been a compliance with the terms of the option contract. Upon what theory the trial court canceled the option contract, and yet rendered a judgment for the defendant for $1,000, and made such judgment a lien upon the land, does not appear. It is to be noted that the defendant did not seek a recovery of the value of the land in controversy, as damages for the breach of the contract, but sought specific performance thereof, and damages for failure to carry out said contract at the proper time. If the defendant was not entitled to specific performance at all, it is indeed difficult ' to understand how it could be entitled to damages for failure to perform in time. The money judgment must therefore be entirely inconsistent with the judgment that the option contracts be canceled, or else it was rendered for some reason entirely without the issue.

It is therefore ordered that the cause be reversed and remanded to the trial court, with directions to grant a new trial, and take such further proceedings as may be proper and not inconsistent with this opinion.

By the Court: It is so ordered.