## WILLOUGHBY v. SUMMERS.

No. 7103—Opinion Filed Jan. 2, 1917.

(162 Pac. 206.)

**1. Justices of the Peace—Appeals—Statute —Validity.**

The act of Legislature approved April 24, 1913 (chapter 135, p. 292), Session Laws of 1913, prohibiting appeals from justice court in causes of action involving less than $20, is a valid and subsisting statute, and not in violation of the Constitution.

**2. Same—Jurisdictional Amount.**

A claim for attorney's fees not provided for in the contract sued upon and not recoverable under the statutes cannot be added to the amount in controversy so as to give the court jurisdiction on an appeal.

**3. Judgment—Conformity to Prayer for Relief.**

The right to recover depends, not upon the prayer, but upon the scope of the pleading and the issues made or which might have been made under it.

(Syllabus by Freeman, C.)

Error from County Court, Pontotoc County; I. M. King, Judge.

Action by Alfred Summers against John D. Willoughby, begun in justice's court, and appealed by defendant to the county court. The appeal was dismissed, and defendant brings error. Affirmed.

C. O. Barton, for plaintiff in error.

Sanders & Winn, for defendant in error.

Opinion by FREEMAN, C. This case originated before a justice of the peace of Pontotoc county, where'n Alfred Summers was plaintiff and John D. Willoughby was defendant. The parties will be referred to as first styled.

The judgment rendered in the justice court in favor of plaintiff was for $7.77; costs, $23.60—total $31.37. The justice of the peace certified that attorney's fees, $15, due Hewlett, were included.

From this judgment the defendant appealed to the county court, where trial was had and a verdict rendered for the defendant. Thereupon the court on motion of plaintiff vacated and set aside the judgment and dismissed the appeal and remanded the cause to the justice's court for further consideration and action required by law, assigning as a reason that the court had no jurisdiction in the trial of said cause, and that said judgment was therefore void.

The defendant assigns as error:

First. The court erred in dismissing defendant's appeal upon the ground that the judgment of the justice of the peace in favor of the plaintiff and against the defendant did not exceed the sum of $20.

Second. The court erred in holding that the amount of the judgment of the justice of the peace did not exceed the sum of $20.

Third. The court erred in holding that the case was concerning a cause of action involving less than $20.

The Legislature by act approved April 24, 1913 (chapter 135, p. 292, Session Laws 1913), provided as follows:

"An appeal may be taken from the final judgment of a justice of the peace in any case, except in cases hereinafter stated in which no appeal shall be allowed: First. On judgment rendered on confession. Second. Concerning causes of action involving less than $20."

The court in case of St. Louis & San Francisco R. Co. v. Tolbert et al., 47 Okla. 228, 148 Pac. 128, holds that this act is a valid and subsisting statute, although not contained in Revised Laws of 1910, and that an appeal will not lie from a justice of the peace court involving less than $20.

The only remaining question is: Was this a cause of action involving less than $20? This action was based upon an open account set out in the bill of particulars, wherein the plaintiff sought to recover $7.12, but in his prayer asks for a further sum of $15 attorney's fees. A claim for attorney's fees not provided for in the contract sued upon and not recoverable under the statute cannot be added to the amount in controversy so as to give the court jurisdiction.

St. Paul Fire & Marine Ins. Co. v. Peck, 37 Okla. 85, 130 Pac. 805; Durand et al. v. Simpson Logging Co., 21 Wash. 21, 56 Pac. 846.

The amount sued for as set out in the bill of particulars determines the jurisdiction. The prayer of the bill of particulars is not conclusive of the jurisdiction of the court. The right to recover depends, not upon the prayer, but upon the scope of the pleading and the issues made or which might have been made under it. Burnham-Hanna-Munger Dry Goods Co. v. Hill et al., 17 N. M. 347, 128 Pac. 62; Lucas v. Board of Com'rs of Ford County, 67 Kan. 418, 73 Pac. 36.

The record does not show any motion filed by the defendant to retax the costs and eliminate the attorney's fees. This should be filed in the justice court, and may yet be filed, and is not subject to review until the justice has adjudicated on such motion. This adjudication may be reviewed by the district court upon petition in error if exceptions are saved. Maggert v. Keele, 20 Okla. 681, 95 Pac. 466; Ward v. Rees, 11 Wyo. 459, 72 Pac. 581.

We conclude that in this case, although the appeal was perfected to the county court and the case proceeded to trial, the county court was without jurisdiction, and the judgment should have been set aside, and the appeal dismissed.

The judgment of the county court is therefore affirmed.

By the Court: It is so ordered.