## PAULSEN et al. v. WESTERN ELECTRIC CO. et al.

No. 4634—Opinion Filed Feb. 12, 1918.

(171 Pac. 38.)

(Syllabus.)

1. **Appeal and Error—Assignment of Error —Trial Errors.**

Where the plaintiff in error fails to assign as error the overruling of his motion for a new trial, the Supreme Court has no power to review errors alleged to have occurred during the progress of the trial.

2. **Mechanics' Liens—Lien of Subcontractor —Personal Judgment Against Owner.**

A subcontractor, materialman, or workman, between whom and the owner there is no privity of contract, and in whose favor no direct liability has been imposed upon the owner, is not entitled to a personal judgment against the owner.

3. **Judgment—Prayer for Relief—Recovery.**

The right to recover depends, not upon the prayer, but upon the scope of the pleadings and issues made, or which might have been made under them.

4. **Appeal and Error—Judgment—Personal Judgment—Issues—Modification.**

The action of a district court in rendering a personal judgment against parties defendant over their objection, which is entirely outside of the issues as made by the pleadings, constitutes reversible error, and where the judgment is otherwise valid, this court will modify the same by striking from the judgment that part erroneously entered.

Error from District Court, Canadian County; John J. Carney, Judge.

Action by Western Electric Company against Hans. C. Paulsen and Henry Schafer and another. Judgment for plaintiff, and defendants, Paulsen and Schafer, bring error. Modified and affirmed on rehearing.

R. B. Forrest, for plaintiffs in error.

J. R. Spielman, for defendants in error.

RAINEY, J. The Western Electric Company instituted this action in the district court of Canadian county, against Hodge-Scott Electric Company, Henry Schafer, and Hans C. Paulsen. The plaintiff alleged, in substance, that it furnished certain electrical and telephone apparatus to the Hodge-Scott Electric Company, which company installed said apparatus in the Southern Hotel, under a contract with Henry Schafer and Hans C. Paulsen, who were copartners, transacting business under the firm name and style of the Southern Hotel. Issue was joined with the plaintiff in separate answers filed by the Hodge-Scott Electric Company and the defendants Schafer and Paulsen. Trial was had to a jury, resulting in a verdict for the plaintiff, on which the trial court rendered a personal judgment against all of the defendants for the amount sued for, and fixed a lien on the property of the defendants, Schafer and Paulsen. From this judgment the defendants Schafer and Paulsen have appealed to this court.

The petition in error of plaintiffs in error does not assign the overruling of the motion for a new trial as error, and for that reason we cannot review the errors alleged to have occurred during the trial. Cleveland et al. v. Lampkin et al., 65 Okla. 159, 165 Pac. 159; Witherspoon v. Smith et al., 61 Okla. 26, 160 Pac. 57; Millus et ux. v. Lowrey Bros., 63 Okla. 261, 164 Pac. 663; Keenan v. Chastain, 64 Okla. 16, 164 Pac. 1145.

Plaintiffs in error contend that the court erred in rendering a personal judgment against them. We think this question is properly raised by the second and third assignments of error, which specifically assign as error the rendering of a personal judgment against them which was without the issues in the case.

It is not alleged in the petition that plaintiffs had a contract with the defendants, Schafer and Paulsen, for the furnishing of the electrical apparatus, or that there was any privity of contract whatever between them and the plaintiff, and plaintiff did not allege any facts entitling it to a personal judgment against the defendants, Schafer and Paulsen.

In Alberti v. Moore et al., 20 Okla. 78, 93 Pac. 543, 14 L. R. A. (N. S.) 1036, we held that a subcontractor, materialman, or workman, between whom and the owner there is no privity of contract, and in whose favor no direct liability has been imposed upon the owner, is not entitled to a personal judgment against the owner. See, also, Union Bonding & Investment Co. v. Bernstein et al., 40 Okla. 527, 139 Pac. 974.

It is true, that in the prayer of the petition personal judgment is asked against the "defendants," but it is well settled that the right to recover does not depend upon the prayer of the petition, but upon the scope of the pleadings and issues made, or which might have been made under them. Burnham-Hanna-Munger D. G. Co. v. Hill, 17 N. M. 347, 128 Pac. 62; Lucas v. Board of Commissioners of Ford County, 67 Kan. 418, 73 Pac. 56; Willoughby v. Summers, 62 Okla. 98, 162 Pac. 206.

We are satisfied that the personal judgment against the plaintiffs in error, Schafer and Paulsen, was entirely outside of the issues in the case, and that the court exceeded its authority in rendering a personal judgment against the plaintiffs in error. The second paragraph of the syllabus in the case of Champion et ux. v. Oklahoma City Land & Development Co., 61 Okla. 135, 159 Pac. 854, reads as follows:

"The rendition of a judgment which is entirely outside of the issues as made by the pleadings constitutes reversible error."

The personal judgment against the Hodge-Scott Electric Company, and the judgment fixing the lien on the property of the plaintiffs in error, is within the issues, and is valid, and for this reason the judgment will be modified by striking therefrom that part awarding personal judgment against the plaintiffs in error, and, as modified, the case will be affirmed.

All the Justices concur.