## NERO v. BROOKS et al.

No. 15909—Opinion Filed Jan. 26, 1926.

Rehearing Denied March 23, 1926.

**Judgment—Judgment Outside of Issues—Right to Set Aside.**

A judgment which is entirely outside of the issues in the case, and upon a matter not submitted to the court for its determination, may be vacated and set aside at any time, on motion of a party, or any person affected thereby.

(Syllabus by Williams, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Hughes County; Geo. C. Crump. Judge.

Action by Fredonia Willis Nero against Walter Brooks et al. Judgment for defendants, and from adverse judgment on merits upon hearing plaintiff's motion to vacate a judgment, she appeals. Reversed.

J. G. Ralls, for plaintiff in error.

Turner & Lucas, for defendants in error.

Opinion by WILLIAMS. C. The parties in this case will be referred to as they appeared in the court below.

It appears, as disclosed from the record in this case, that in September, 1923, the plaintiff, Nero, filed her action against the defendant Walter Brooks, and others, to cancel a warranty deed purported to have been made and executed by her on the 9th day of July, 1915, for the reason that said deed was a forgery, covering a certain quarter section of land, and for the rents and profits derived therefrom. It further appears from the record that no service was ever made upon the defendant Brooks, nor upon the other defendants, except one oil company, who filed a demurrer to the petition of the plaintiff. It is further disclosed by the record that on February 18, 1924, the plaintiff and her attorney, Mr. Stevenson, and the defendant and his attorney of record, appeared in open court and consented to a trial of the issues involved in said case, The record does not disclose the fact that any report of the proceedings of said trial was taken by a reporter. The journal entry, however. entered of record with reference to the trial, recites that the parties were present in person and by their respective counsel, and that they announced ready for trial; that they waived a jury and submitted the issues to the court. The journal entry further recites that the court, having heard the testimony of the witnesses, found that the defendant Brooks was the owner of the real estate

in fee simple, quieted the defendant Brooks' title to the land, and validated the various oil leases on said land from Brooks to his codefendants.

It further appears from the record in this case that after the rendition of this judgment, to wit, on February 18, 1924, the plaintiff filed her motion to set aside and vacate the judgment rendered on the 18th day of February, 1924, and in said motion she alleged: 1) That the said judgment was obtained by fraud; and (2) that the court was without jurisdiction to render said judgment, no issue being joined.

The defendants filed a response to the motion of plaintiff to vacate, consisting of a general denial, and further alleged that subsequent to the filing of the suit to cancel the warranty deed because of forgery, plaintiff executed unto defendant a quitclaim deed to said land, and was to receive therefor the sum of $3,000, to be paid upon confirmation of such settlement by the court in the action then pending, and that the cause was to be dismissed with prejudice and judgment rendered accordingly.

On page 72 of the case-made, we find the following:

"Be it Remembered, that on the 17th day of March. 1924, the same being one of the days of the March, 1924. term of the district court of Hughes county, Okla., the above-entitled cause of action came on for hearing before the Honorable George C. Crump, the regular presiding judge of said court, upon the motion of the plaintiff above named, to vacate and set aside the judgment rendered against her, to wit, on the 18th day of February, 1924, and all parties appearing and announcing ready for trial upon said action, the following appearances and proceedings were had."

These proceedings occurred in connection with the motion of the plaintiff to vacate the judgment of February 18, 1924. There were no pleadings filed by the defendant of any character or description, upon the merits of the case, and there was nothing before the court, and no hearing was being had on anything except the motion to vacate the former judgment of February 18, 1924, and that judgment was based upon the allegations of the plaintiff that the original deed of July 9, 1915, was a forgery.

After the court had heard the evidence in the case. and on the 8th day of May. 1924. he sustained the motion of the plaintiff to set aside and vacate the judgment rendered on the 18th day of February, 1924, and dismissed the action of the plaintiff with prejudice. and perpetually en-

joined her from instituting any action affecting the title to the southwest quarter of section 5, township 9 north, range 9 east, Hughes county, Okla., and declared the defendant to be the owner in fee simple of said land, and validated the oil leases thereon. Exception was taken to this judgment, motion for a new trial was made and overruled; the plaintiff brings the action here for review, and seeks a reversal of the judgment upon the following grounds:

"(1) The court erred in dismissing the plaintiff's cause of action. (2) The court erred in dismissing the plaintiff's cause with prejudice. (3) The court erred in perpetually enjoining the plaintiff from instituting any action affecting the land in controversy. (4) The court erred in finding that there was no fraud in the procurement of the deed from her by defendant Walter Brooks, that was executed by her, after this cause was instituted."

It will be necessary to consider the matters involved in the motion to set aside the judgment of February 18, 1924, in order to determine whether the trial court committed error.

After judgment was rendered against the plaintiff upon the testimony of the defendant sustaining the deed claimed by the defendant, the plaintiff filed her motion to set aside the judgment of February 18, 1924, in the cause, setting forth various grounds for setting aside the judgment and entitling her to a new trial. The court permitted the defendant to file an answer or reply to the motion to set aside and vacate the judgment. The pleadings so filed by the defendant set up a quitclaim deed of February 18, 1924, secured from the plaintiff subsequent to the filing of the case, as supporting his right to judgment in the cause. Thereupon, the court considered the motion to set aside and vacate, and, apparently, at the same time received evidence going to the merits of the action commenced by the plaintiff against the defendants. The court entered judgment upon the ground that the issues had not been joined between the parties at the time the first judgment was rendered in the cause, and thereupon found the issues that would have been involved in the trial of the cause under proper pleadings, in favor of the defendant. The plaintiff assigns as error the action of the court in entering judgment against her upon the motion to vacate and set aside the former judgment. A consideration of the error as assigned involves a consideration of the scope covered by the motion to set aside the judgment of February 18, 1924, and the issues presented by

such motion. The court was required by statute and civil procedure to confine the hearing on the motion to set aside the judgment of February 18, 1924, to such matters and issues as were presented by the motion to set aside, and upon which issues were joined by a proper pleading thereto by the defendant. The matters presented by the motion to set aside the February judgment by the plaintiff related to the proceedings had by the court in the trial of the cause. The answer or reply, filed by the defendant in response to the motion to vacate and set aside, set forth an allegation to the effect that the plaintiff had executed and delivered a quitclaim deed to the defendant subsequent to the time plaintiff commenced her action. Since the motion to set aside the judgment of February 18, 1924, must relate to the proceedings had in the trial of the cause, and such proper pleadings as are permitted by statute and civil procedure, in relation to the errors set forth in the motion to vacate and set aside, it becomes apparent that the matters set forth in the answer or reply filed by the defendant are entirely foreign to the questions presented by the motion to vacate and set aside. It was the duty of the court to examine the matters and proceedings assigned by the plaintiff in error for setting aside said judgment. The office and purpose of a motion to vacate and set aside the judgment in this case was to call the attention of the trial court to some error committed in the course of the trial against the parties suffering the judgment.

The statute enumerates the pleadings required to create and tender certain issues, and that statute and civil procedure define the scope of the issues created by such pleadings. The court is not authorized by statute or civil procedure to enlarge the scope of the pleadings as created and defined by statute and civil procedure. The trial court is not authorized to digress from the beaten pathway provided by statute and civil procedure in relation to the creation and trial of the issues as defined by statute and civil procedure.

It was the duty of the court, if it found error warranting the setting aside of said judgment, to sustain said motion and set aside said judgment. These questions were the only matters involved in the motion to set aside and vacate the February judgment, and the only matters that the parties were authorized by statute to create for hearing upon that motion.

The question presented to the trial court upon the motion was the right of the plain-

tiff to have a second trial of the action. The court found that the plaintiff was entitled to a second trial of the lawsuit, as it set aside the first judgment. Thereupon the plaintiff was entitled to have the cause set down for trial at some future date, giving her reasonable time and opportunity to have her witnesses present. The defendant was entitled to file such pleadings by way of demurrer or answer as authorized by the statute. When the issues were joined, if there were issues of fact created by the pleadings, then the parties were entitled to a trial in the way and manner provided by law. It is apparent from the record in this case that the trial court proceeded to try the cause upon its merits at the time it passed upon plaintiff's motion to set aside the judgment. This trial was had upon pleadings filed in connection with the motion to vacate and set aside the judgment, which were not authorized by law, and that trial had at a time and in a manner not authorized by law. It is clear that the judgment in favor of these defendants upon the merits of this action was without the scope of any pleadings authorized by law, and at a time and had in a manner not authorized by law. A judgment of the court beyond the scope of the pleadings and beyond the scope of the issues then proper is a nullity and not binding upon the parties to the action. Anglea v. McMaster, 17 Okla. 501, 87 Pac. 660; Standard Savings & Loan Assn. v. Anthony Wholesale Grocery Co., 62 Okla. 242. 162 Pac. 451, L. R. A. 1917 D, 1029; Paulsen v. Western Electric Co., 67 Okla. 309, 171 Pac. 38; Champion v. Okla. City, 61 Okla. 135, 159 Pac. 854; Rogers v. Bass & Harbour Co., 47 Okla. 786, 150 Pac. 706; Gille v. Emmons, 58 Kan. 118, 48 Pac. 569; Gile v. Wood (Idaho) 188 Pac. 36; Miller v. Prout (Idaho) 197 Pac. 1023; Reynolds v. Stockton, 140 U. S. 254, 11 Sup. Ct. 773, 35 L. Ed. 464; Moore v. Moore (Ind.) 135 N. E. 362; Reynolds v. Stockton, 45 N. J. Eq. 211, 10 Atl. 385, 3 A. S. R. 305; Wright v. Delafield. 25 N. Y. 266; Sweet v. Marsh, 117 N. Y. Supp. 930; Thraves v. Greenlesse, 42 Okla. 764, 142 Pac. 1021; Maddox v. Summerlin, 92 Tex. 483, 50 S.W. 567; Munday v. Vail, 34 N. J. Law, 418.

Therefore, it is apparent that the judgment of the court sustaining the motion of the plaintiff to set aside the judgment and to grant the plaintiff a new trial is within the issues, and was a proper proceeding for the trial at that time. It is equally apparent that the judgment of the court undertaking to adjudicate the cause upon its merits was void for the foregoing reasons. The judgment of the trial court is reversed.

By the court: It is so ordered.

Note.—See under (1) 34 C. J. p. 257 §486; 15 R. C. L. p. 692; 3 R. C. L. Supp. p. 486.