### RANDALL v. KEHOE.

1. Accounting—Circuit Court Commissioners—Evidence.

Claim that proof as to purchase or sale of certain items in suit for accounting as to joint operation of farm at expiration of 2 years was not sufficiently specific was not tenable, where it does not appear that appellant's counsel at hearing on reference to circuit court commissioner had made any effort to obtain such information as is now claimed should have. been furnished, it does not appear that the commissioner limited counsel in his cross-examination or declined to accept any testimony offered and no further directions from circuit judge were sought (CL 1948, § 617.1 *et seq.;* Court Rule No 44 [1945]).

2. Circuit Court Commissioners—Accounting—Order of Reference—Report.

Confirmation of report of circuit court commissioner, made in respect to testimony taken by him on reference in suit for accounting as to joint venture in farming operations, was not an abuse of discretion on the part of the trial court, where he found that report was in compliance with order of reference, it not being assumed that the report was incorrect as to the facts therein set forth (CL 1948, § 617.1. *et seq.;* Court Rule No 44 [1945]).

Appeal from Lapeer; Huff (Eugene Snow), J., presiding. Submitted January 15, 1952. (Docket No. 54, Calendar No. 45,257.) Decided April 7, 1952.

Bill by Clifford Randall against Lewis Kehoe for accounting. Order confirming report of circuit court commissioner on accounting. Plaintiff appeals. Affirmed.

*Grace S. White,* for plaintiff.

*Jack F. Smith,* for defendant.

CARR, J.　In March, 1944, the parties to this case entered into an oral agreement to operate together a certain farm in Lapeer county. In accordance therewith the expenses of the venture were to be borne equally and the profits, if any, divided in like manner. After 2 years plaintiff, being dissatisfied with defendant's conduct, filed suit in equity for an accounting, alleging in his bill of complaint that defendant was indebted to the venture and that he had refused to discharge his obligations to plaintiff. Defendant, by his answer, denied liability on his part, asserting in substance that he was entitled to recover a substantial sum from the plaintiff.

Thereafter counsel representing plaintiff moved that the cause be referred to a circuit court commissioner of the county to take an account of the dealings between the parties and to report thereon. See CL 1948, § 617.1 *et seq.* (Stat Ann § 27.849 *et seq.*); Michigan Court Rule No 44 (1945). Counsel for defendant consented to such an order and it was duly entered by the circuit judge then presiding in the case. Specific provision was therein made for application to the circuit court, for further directions, by either of the parties or by the commissioner. Pursuant to the order the parties proceeded to a hearing before the commissioner, the record indicating that somewhat extended proofs were taken. Each party was represented by his attorney. The testimony was not taken by a stenographer, no arrangement therefor having been made.

At the conclusion of the hearing the commissioner made his report to the circuit court, setting forth the various items of expense paid by each of the parties and the income that each had drawn from

the venture. Based thereon it was the conclusion of the commissioner that plaintiff was indebted to the defendant in the sum of $8.20. Thereupon defendant filed an order of course, pursuant to Court Rule No 45 (1945), that the report stand confirmed unless cause to the contrary be shown within 8 days after the notice of filing. Plaintiff, by counsel other than the attorney previously representing him in the case, filed an objection to the confirmation of the report on the ground that the account rendered by defendant was not sufficiently specific to advise plaintiff when and from whom certain items of property were purchased, or when and to whom they were sold. Plaintiff asked that the matter be returned to the commissioner for a more complete accounting. On hearing, the objection was overruled and the report confirmed. Plaintiff has appealed, asserting that the action of the trial court was erroneous.

It will be noted that plaintiff's objection to confirming the report of the commissioner was based on the alleged insufficiency of defendant's proofs as to the transactions handled by him. It does not appear that on the hearing any attempt was made by counsel then representing plaintiff to obtain the specific information that plaintiff now claims should have been furnished. There is no showing that the commissioner limited counsel in his cross-examination, or declined to accept any testimony that was offered. If the procedure followed was not correct, plaintiff might have applied to the circuit judge for the issuance of further directions. *Emerson* v. *Atwater,* 12 Mich 314, 322. See, also, *Abbott* v. *Mathews,* 26 Mich 176. There is nothing in the record on which to base a conclusion that the proofs submitted to the commissioner permitted or required the making of a report more detailed than that actually filed. Reference was made therein to certain exhibits introduced by the parties, the commissioner stating that

such had been filed in the office of the county clerk. The record gives us no information as to the form or substance of such exhibits.

Counsel for appellant directs attention to *Gage* v. *Arndt,* 121 Ill 491 (13 NE 138). There an appeal was taken from a decree of the trial court based in part on a report made by a master under a reference for an accounting. In making such report, however, the master failed to follow the directions of the court in referring the matter. In discussing the situation, it was said:

"It is not enough, in this character of case, and under such a specific order of reference, to report the testimony *en masse,* and the amounts in the aggregate, with no reference to items claimed and disallowed, as was here done"

In the case at bar no specific claim is made that the commissioner failed to follow the directions of the order of reference. As noted, such order was entered at plaintiff's request and no attempt was made, either at the time of such entry or later, to obtain specific directions from the trial judge with reference to the details of the proofs to be taken. The Illinois decision cited is, we think, clearly distinguishable on the facts.

The trial judge, after listening to the arguments of the parties, evidently came to the conclusion that the report made by the commissioner was in compliance with the order of reference, that plaintiff, under the circumstances, was not entitled to object to the form thereof, and that a second hearing was not required to permit a proper disposition of the case to be made. On the record before us we think that conclusion was fully justified. We do not find any abuse of discretion on the part of the trial court. It may not be assumed that the report was incorrect

as to the facts therein set forth. *Nutting* v. *Burked,* 48 Mich 241, 245.

The order·from which plaintiff has appealed is affirmed. Defendant may have costs.

North, C. J., and Dethmers, Butzel, Bushnell, Sharpe, Boyles, and Reid, JJ., concurred.