McClelland v. Cragun.

J. C. McClelland, *as Sheriff of Kingman County*, v. John A. Cragun.

1. Petition in Error—*Jurisdictional Amount—Costs.* Where suit is brought to enjoin the levy of an execution for $100, on which clerk's costs amounting to $1.60 have accrued and are indorsed, the amount in controversy is more than $100, exclusive of costs, and this court has jurisdiction on a petition in error to review the case. The word "costs," in ¶ 4642 of the General Statutes of 1889, refers only to the costs in the action or proceeding brought to this court for review.

2. Corporation—*Execution against Stockholder.* A motion made under ¶ 1192 of the General Statutes of 1889, for execution against a stockholder of a corporation, can only be made in the court where the judgment against the corporation was rendered, and from which execution on such judgment might issue.

3. ——— *Service of Notice.* Notice of a motion for execution in such case may be served on a stockholder in any county in this state.

4. Notice *Sufficient to Confer Jurisdiction.* A notice of a motion for execution against a stockholder, which fairly apprises the person sought to be charged with the nature and terms of the order to be applied for, the names of the parties to the proceeding, the court before whom the application is to be made, the time and place of such application, signed by the attorneys for the moving party, and duly served on the stockholder at his place of residence by a constable, is sufficient to confer jurisdiction over the stockholder for the purposes of the motion.

*Error from Reno District Court.*

Action by *Cragun* against *McClelland,* as sheriff of Kingman county, to enjoin him from levying an execution. The defendant brings here for review a judgment in favor of the plaintiff. The opinion herein, filed January 5, 1895, states the material facts.

*W. M. Wallace,* for plaintiff in error.
*S. S. Ashbaugh,* for defendant in error.

The opinion of the court was delivered by

Allen, J.: James Bullen & Co. brought suit in the district court of Kingman county against the Kingman

County Driving Park and Fair Association. For good cause, a change of venue was taken to Stafford county, and thereafter a judgment was rendered in favor of plaintiffs against the fair association for $3,393.28. On this judgment, execution was issued, and returned unsatisfied in part. Thereafter a notice was served on the defendant in error, as one of the stockholders in the fair association, of which the following is a copy:

"STATE OF KANSAS, STAFFORD COUNTY, ss.
"*In the District Court in and for said County and State.*
"JAMES H. BULLEN & Co., *Plaintiffs,*

v.

THE KINGMAN COUNTY DRIVING PARK AND FAIR ASSOCIATION *et al., Defendants.*
"*Motion to Charge Stockholders of the Defendant Fair Association with Judgment in said Cause.*

"Come now the plaintiffs herein, by Wallace & Smoot, their attorneys, and move the court for an order for an execution to issue against the stockholders of the defendant corporation, charging them with the amount of plaintiffs' judgment herein unsatisfied, an execution having been issued against the defendant, the Kingman County Driving Park and Fair Association, and returned by the proper officer as 'No property found whereon to levy such execution.' The stockholders of said defendant corporation sought to be charged by this motion are named as follows, each share representing stock to the amount of $100:

| Name. | Residence. | Shares. |
| --- | --- | --- |
| John A. Cragun. | Kingman, Kas. | One. |

"The above motion will come on for a hearing by said court on the 11th day of October, 1889, and will be heard on oral and record testimony.        WALLACE & SMOOT,
*Attorneys for Plaintiffs.*"

After the service of this notice, Bullen & Co. filed in the district court of Stafford county their motion praying for an order for execution against the defendant in error for $100, which the court thereupon granted. In pursuance of this order, an execution was issued by the clerk of the district

court, directed to the sheriff of Kingman county, where Cragun resided, for the collection of said sum of $100. On such execution was indorsed, "Clerk's costs on this execution, $1.60." The sheriff, being about to levy on the property of Cragun, an action was brought by him against the sheriff to enjoin him from so doing. This cause was removed to Reno county for trial. The defendant demurred to the petition, which set up the facts above stated. This demurrer was by the court overruled, and, the defendant not desiring to further plead, judgment was rendered on the demurrer, perpetually enjoining the levy of the execution. The defendant below brings the case here alleging error in the ruling on the demurrer.

The first question brought to our attention is, whether there is more than $100 in controversy in this court. The order of the district court of Stafford county was for an execution for just $100. Had proceedings in error been attempted from that order, the amount involved would have been barely $100, and this court consequently without jurisdiction. (Gen. Stat. of 1889, ¶ 4642; *Richmond v. Brummie*, 52 Kas. 247.) The payment of $100 at that time would have discharged Cragun's liability, but the payment was not made, and execution for its enforcement was issued. With the costs of this execution Cragun is chargeable, if the order against him is valid. This, added to the amount for which execution was ordered, became the amount in controversy in this action, and is sufficient to confer jurisdiction on this court.

1. Petition in error—jurisdictional amount—costs.

Many objections to the validity of the order of the district court of Stafford county are urged. It is contended that the proceeding to obtain execution against Cragun as a stockholder was a new, original, independent suit against him. The case of *Howell v. Manglesdorf*, 33 Kas. 194, is cited in support of this contention. It was held in that case that the service of notice on a stockholder, outside of the state of Kansas, could not confer jurisdiction on a court of this state. No opinion, however, was expressed as to whether a notice could be served

in a county other than that in which the proceeding was in-
stituted.    The section of the statute which it is claimed
authorizes the order made by the district court of Stafford
county is ¶ 1192 of the General Statutes of 1889, and reads
as follows:

"If any execution shall have been issued against the prop-
erty or effects of a corporation, except a railway or a relig-
ious or charitable corporation, and there cannot be found any
property whereon to levy such execution, then execution may
be issued against any of the stockholders to an extent equal
in amount to the amount of stock by him or her owned, to-
gether with any amount unpaid thereon; but no execution
shall issue against any stockholder, except upon an order of
the court in which the action, suit or other proceeding shall
have been brought or instituted, made upon motion in open
court, after reasonable notice in writing to the person or per-
sons sought to be charged, and, upon such motion, such court
may order execution to issue accordingly, or the plaintiff in
the execution may proceed by action to charge the stockhold-
ers with the amount of his judgment."

The distinction between the proceeding by motion under
this section to obtain an order for execution, and that by civil
action, as well as the difference in legal effect between the
order for execution and an ordinary judgment, were pointed
out in the case of *Hentig v. James,* 22 Kas. 326.    Article 5
of the code of civil procedure, designating the county in
which actions are to be brought, has no application in this
case.    The section above quoted designates the court before
which a motion to charge a stockholder must be brought, and
that is the court in which the action, suit or proceeding shall
have been brought or instituted.    No matter
where the stockholder resides, an execution
against him can only be ordered by and issued
from the court where the judgment was rendered.    In this
case, while the suit was originally instituted in Kingman
county, it was removed to Stafford county, where judgment
was rendered.    Though the strict and literal reading of the
statute might be said to require that the motion should be

2. Corporation—
execution
against stock-
holder.

made in the court where the petition was originally filed, the reasonable interpretation of the law is, that the court where the case was tried and the judgment rendered is the one intended, and it is not a strained construction to hold that the action was brought in the Stafford county court. The reason for requiring motions to be made in the court where the rec-, ord of the judgment is kept is obvious. The execution, when issued, is for the purpose of satisfying that judgment. And whenever sufficient money has been made on execution, either against the principal defendant or against stockholders, the sheriff's return to that court should show the fact of the satisfaction of the judgment. Where execution is issued on any judgment, it is always out of the court on the record of which the judgment is entered. In *Fisher v. Franklin,* 38 Kas. 251, and again in *Reynolds v. Nelson,* 40 id. 41, it was held that, where an execution was issued to the sheriff of a county other than that in which the judgment was rendered, a proceeding to amerce the sheriff was properly instituted in the court where the judgment was entered. We think the district court of Stafford county was the proper tribunal before which to make the motion.

It is urged that the notice is insufficient, (1) because it was not issued by any person having authority to issue process of the court; (2) because it is insufficient in form and substance; (3) because it was not served by anyone having lawful authority to make such service; (4) because it was served outside of Stafford county. A notice signed by the attorneys for the plaintiff was sufficient. A summons was not required, nor would it have been proper. (*Gruble v. Wood,* 27 Kas. 537; *Wells v. Robb,* 43 id. 201.) While the notice served in this case is not as formal as it might have been, it contains all that is necessary to inform the party on whom it was served of the nature and terms of the order to be applied for, and could hardly be misunderstood by anyone able to read. It complies substantially with all the requirements of § 534 of the code of civil procedure. It is true that it does not in terms state the place where the motion will be made, but the

designation of the court, which could sit lawfully only at the county seat of Stafford county, must be held a designation of the place. Where an application is to be made to a judge at chambers, or to any court which might sit at different places, the requirement that the notice designate the place would be material, and compliance with it essential to the validity of the notice. It must be borne in mind, also, that this is a collateral attack on the jurisdiction of the court, and in the petition filed in this case it is expressly stated that James Armine, a constable of the city of Kingman, served this notice on the plaintiff at his place of business in Kingman. As against a collateral attack, we hold the notice sufficient. The service by a constable was good, being expressly authorized by § 535 of the code.

3. Service of notice.

4. Notice sufficient to confer jurisdiction.

We have sufficiently considered the objections to the jurisdiction of the district court of Stafford county. Under the facts stated in the petition filed in this case, the order for execution was valid, and no good ground is stated for enjoining the sheriff from levying on the property of Cragun under the process in his hands. The district court erred in overruling the defendant's demurrer. The judgment is reversed, with directions to sustain the demurrer to the plaintiff's petition.

All the Justices concurring.