### L. N. STACHER v. GEORGE L. ROCKHILL.
#### No. 252.

1. APPEAL—*Final Order—Interplea.* The judgment of a justice of the peace against an interpleader who claims a fund garnished is a final judgment against one of the parties to an action, and is appealable.

2. GARNISHMENT—*Order of Court—Personal Judgment.* When the record shows that a garnishee has paid money to the justice of the peace, and upon appeal the district court makes the following order: "That the $225 fund paid into the hands of C. L. Robbins, justice of the peace, in this cause, be paid to the clerk of this court, and held by him during said sixty days, and then paid to said intervenor, unless the judgment herein be duly superseded, in which event he shall hold said fund until the further order of this court," it is error for the court to render a personal judgment against the plaintiff for the garnished fund.

Error from Frankin district court; A. W. BENSON, judge. Opinion filed August 18, 1898. Reversed.

*C. A. Smart,* for plaintiff in error.

*John W. Deford,* and *W. A. Deford,* for defendant in error.

The opinion of the court was delivered by

DENNISON, P. J. : The plaintiff in error brought suit in justice court in Franklin county against J. R.

and J. E. Ahlefeld to recover the sum of $200, and caused a garnishee summons to be served upon O. D. Imes to appear and answer concerning moneys owing from him to said Ahelfelds.

Upon April 5, 1893, Imes appeared before the justice and answered that he was owing the Ahlefelds about $1400.    Whereupon the court ordered him to pay the sum of $225 into court, and the cause was continued until May 6, 1893.    On May 6 the defendant in error filed his interplea in the action, claiming to be entitled to the said sum of $225 by virtue of an order executed and delivered to him by the Ahlefelds on March 25, 1893.    The justice rendered judgment in favor of plaintiff in error and against the Ahlefelds in the sum of $200 and costs, and found against the interpleader, and that he was not entitled to the fund garnished.

Rockhill appealed to the district court, and judgment was rendered therein in his favor, and a personal judgment was rendered against Stacher for $225 and interest and costs.    He brings proceedings in error to this court.

The plaintiff in error has not set out his assignments of error in his brief, but we conclude that his attorneys desire to raise three questions, as follows : (1) An appeal does not lie in favor of an interpleader in garnishment ; (2) the court erred in its second and third conclusions of law ; and, (3) the court erred in entering a personal judgment against the plaintiff in error.

Considering the first question, we hold that the judgment against the interpleader was a final judgment against one of the parties to the action, and is appealable.

Passing to the third question, we must hold that the personal judgment against Stacher was erroneous, as

shown by the record.  The record shows that the money was paid to the justice, and the district court made the following order :

"And it is further ordered that the $225 fund paid into the hands of C. L. Robbins, justice of the peace, in this cause be paid to the clerk of this court, and held by him during the sixty days, and then paid to said intervenor, unless the judgment herein be duly superseded, in which event he shall hold said fund until the further order of this court."

Counsel for defendant in error in his brief says that Stacher gave a supersedeas bond, and gave the clerk a receipt and drew the $225.  The record does not show this nor can it be shown *aliunde*.  If such is the fact, Stacher was not entitled to the money unless the court made a further order.  The fund was ordered to be turned over to the intervenor, unless superseded, and if superseded to remain in the hands of the clerk until further orders by the court.  The court erred in rendering a personal judgment against Stacher for the $225.

We will not consider the second question, for the reason that the briefs of the parties are not complete upon the principles of law involved therein, and it is not absolutely necessary to the disposition of the case in this court.

The judgment of the district court is reversed, and the case remanded for a new trial.