[No. 9505.  Department One.  August 19, 1911.]

A. P. SNYDER, *Respondent*, v. LAMB-DAVIS LUMBER
COMPANY, *Appellant*.[1]

MASTER AND SERVANT—ASSUMPTION OF RISKS—OBVIOUS DANGER.
A common laborer in a wood yard, assisting in sawing wood at a
circular saw, assumes the obvious risk of danger from contact with
the saw, where he continued at work after objecting to the danger
of sawing short lengths without any guards near the saw, and had
had some experience with similar saws.

Appeal from a judgment of the superior court for Lin-
coln county, Neal, J., entered January 17, 1911, upon the
verdict of a jury rendered in favor of the plaintiff, in an
action for personal injuries sustained by an employee in a
wood yard. Reversed.

*Reeves & Reeves*, for appellant.

*A. J. Grant* and *Martin & Wilson*, for respondent.

FULLERTON, J.—The appellant owns and operates a lum-
ber and wood yard at Harrington, Washington. In the yard
was a Morse-Fairbanks circular saw fitted on trucks, which
was used for the purpose of sawing wood from cord lengths
into shorter lengths. The saw was propelled by steam, and
usually required a sawyer and two helpers to operate it, one to
pass the wood to the sawyer, who placed it in position and
pushed it against the saw, and a third to bear off the sawed
pieces. On March 8, 1909, one Holmes was foreman of the
appellant's yard. He had made a sale of wood calling for
particular lengths and asked the respondent if he thought
he could find some helpers and saw the wood needed. The re-
spondent answered to the effect that he thought he could,
and at once proceeded to find the helpers. Before he returned,
Holmes had left the yard on other business, and a man by the

[1]Reported in 117 Pac. 399.

name of Parker was left in charge. The respondent, on his return with the helpers, proceeded to the work of sawing, Parker acting as his offbearer. The order called for two lengths of wood, sixteen inch and twelve inch. After the longer had been cut, the respondent objected to sawing the shorter cuts, saying to Parker that it was dangerous because of the absence of guards near the saw on which to rest the last cut. Parker told him in answer that he thought it was all right and to go ahead. After sawing about three-fourths of a cord of the short wood, the respondent's hand caught in the saw and was severely lacerated. The respondent at this time was sixty-two years of age, had been working at common labor all his life, and had had some experience with saws of the character of the one on which he was injured, although he had never tried to operate that particular saw.

This action was brought by the respondent to recover for the injury suffered. At the trial of the action, on the foregoing facts appearing, the appellant moved for a directed verdict, which motion the court overruled. Thereafter the case was submitted to the jury, which returned a verdict in the respondent's favor. This appeal was taken from the judgment entered thereon.

The motion for a directed verdict should have been granted. The respondent did not sue under the factory act, but at common law, and he must be held to have assumed the risk of all dangers connected with the work he was employed to perform which were open and obvious and of which he had knowledge. In the light of the record, it seems idle to say he did not in this instance fully appreciate the dangers to be encountered. On the contrary, it is manifest that he knew and appreciated them fully, and that no amount of warning or instructions could have made him know or appreciate them more. It is for want of proper instructions that he seeks to recover, and this ground failing, he has no ground upon which to base a recovery.

The judgment is reversed, and the cause is remanded with instructions to dismiss the action.

MOUNT and GOSE, JJ., concur.