### BOORIGIE v. CAMP, *Justice of the Peace.*

No. 3721.   Opinion Filed May 12, 1914.

(140 Pac. 1148.)

**JUSTICES OF THE PEACE—Mandamus—Jurisdiction—Appeal.** After the adoption of the Constitution and prior to the time the Revised Laws of 1910 (section 5465) became effective, appeals from judgments of justices of the peace were to the county court, and a justice of the peace refusing to make out and file with the county court a transcript of the proceedings had in his court in a cause sought to be appealed, after having approved and filed an appeal bond, may be compelled to perform such duty by mandamus· from the county court in aid of its appellate jurisdiction.

(Syllabus by Galbraith, C.)

*Error from County Court, Cherokee County;*
*J. F. Parks, Judge.*

Mandamus by William Boorigie against Carl M. Camp, a justice of the peace. Judgment was for the defendant, and plaintiff brings error. Reversed.

*Bruce L. Keenan,* for plaintiff in error.

Opinion by GALBRAITH, C.   The plaintiff in error, on the 15th day of September, 1911, filed a petition in the county court of Cherokee county, praying a writ of mandamus against the defendant in error, Carl M. Camp, a justice of the peace for precinct No. 1 of said county, requiring him to certify an appeal from the judgment rendered in a designated case in his court to the said county court. It was alleged in the petition that on the

21st day of June, 1911, in a certain cause pending in the justice court of the defendant in error, a judgment was rendered against the plaintiff in error, and that he gave notice of appeal therefrom, and on the 27th day of June, 1911, filed his appeal bond, which was duly approved on that day; that the defendant in error as such justice of the peace certified a transcript of such case to the district court and refused to certify the same to the county court, as he should have done, and as it was his duty to do, under the law. The prayer was for a writ of mandamus commanding the defendant in error, as justice of the peace, to prepare a certified transcript of the proceedings in said cause and deliver same to the said county court. An alternative writ was issued and served returnable on September 20, 1911. It appears that no return to the writ was filed; but on the return day the respondent appeared and by oral motion requested that the proceedings be dismissed. This motion was granted, and afterwards the plaintiff in error came in and filed a motion for rehearing. Then the respondent was permitted to file a demurrer as of the return day, and the demurrer was sustained, and rehearing denied, and judgment entered against the plaintiff in error for costs. From this judgment, an appeal has been perfected to this court.

The petition in error and transcript were filed in this court on March 22, 1912, and the plaintiff in error served and filed a brief on April 6, 1914, and the cause was regularly submitted on April 16, 1914. The defendant in error has not filed briefs or attempted to show any reason for not doing so; but, since the plaintiff in error's brief was filed out of time, and without permission of the court, we are not inclined to invoke the penalty incurred by defendant in error by his default in this behalf, as prescribed in rule 7 (38 Okla. vi, 137 Pac. ix) of this court. We rather conclude that the ends of justice will be subserved by disposing of the cause on its merits, and shall do so.

The contentions of the plaintiff in error are supported by the law. Section 12, art. 7, sec. 197, Williams Ann. Const. Okla., gave the county court jurisdiction in mandamus proceedings in this character of case, and, since the proceedings complained of were had prior to the taking effect of the Revised Laws of 1910

(section 5465), the appeal in this case was to the county court. *Holcomb v. C., R. I. & P. Ry. Co.,* 27 Okla. 667, 112 Pac. 1023; *Graham Paper Co. v. Bartlesville Pub. Co.,* 27 Okla. 781, 117 Pac. 199; *Farmers' Mill & Elev. Co. v. Lewis,* 29 Okla. 245, 116 Pac. 764; *A., T. & S. F. Ry. Co. v. McFarland,* 30 Okla. 595, 120 Pac. 559. The plaintiff in error had a right, after the approval of his appeal bond, to have the transcript lodged with the county court, and it was the duty of the defendant in error, as justice of the peace, to make out and deliver the transcript to said court, and upon his failure or refusal to perform this duty the aggrieved party was entitled to a mandamus from the county court to compel him to do so.

The county court was in error in sustaining the demurrer to the petition, and also in dismissing the cause. The exceptions are well taken. The judgment appealed from should be reversed, and the cause remanded to the county court of Cherokee county, with directions to set aside the judgment dismissing the cause, and to grant a peremptory writ of mandamus commanding the defendant in error, as justice of the peace, to make out a transcript of the judgment and proceedings in the cause in which the appeal was sought, and to lodge same with the county court.

By the Court: It is so ordered.