## HENDERSON v. PENDLETON.

No. 5528. Opinion Filed January 25, 1916.

(154 Pac. 1145.)

MANDAMUS—Appeal Bond—Time of Filing. Mandamus will not lie to compel the filing and approval by a justice of the peace of an appeal bond tendered to the justice of the peace more than 10 days after the rendition of judgment by such justice of the peace.

(Syllabus by Rummons, C.)

*Error from District Court, Jefferson County;*
*Frank M. Bailey, Judge.*

Mandamus by Emily Henderson against J. F. Pendleton. Judgment for defendant, and plaintiff brings error. Affirmed.

*Bridges & Vertrees,* for plaintiff in error.

*Chas. E. Davis,* for defendant in error.

Opinion by RUMMONS, C. This is an action by the plaintiff in error against the defendant in error, a justice of the peace of Jefferson county, praying that a writ of mandamus issue commanding the defendant in error to file and approve an appeal bond. An alternative writ issued, to which the defendant in error answered. Upon the trial the court denied a peremptory writ, and rendered judgment for the defendant in error. In due

time a motion for new trial was filed, which being over-ruled, plaintiff in error excepted and brings error to reverse the judgment of the trial court.

It appears that in an action pending in a justice of the peace court, before the defendant in error, a justice of the peace, in which one C. E. Davis was the plaintiff and the plaintiff in error was defendant, judgment was rendered against plaintiff in error on October 22, 1912, and that on October 31, 1912, the defendant in error received an appeal bond through the mails, which, on the same day, he returned to the attorneys for plaintiff in error without filing or approving the same. His objections to the bond were that the provision that the plaintiff in error would prosecute her appeal without unnecessary delay was omitted from the conditions of the bond, and that he did not think the surety who had signed the bond was sufficient. The attorneys for plaintiff in error received the bond, inserted the provision omitted in the conditions thereof, procured the signature of another surety thereon on November 2, 1912, and mailed the bond to the defendant in error on that day. It seems that the defendant in error received this bond on Sunday, November 3, 1912, and that he thereafter refused to file and approve the same.

We think the judgment of the trial court was right. The authorities cited in the brief of counsel for plaintiff in error only go to the right of an appellant, when a bond has been filed and approved by the justice of the peace which is defective in form or upon which the sureties are insufficient, to amend the same either in form or by adding additional sureties, or to substitute a new bond in the appellate court. It is unnecessary to determine whether, if the plaintiff in error had stood upon the

bond tendered to the defendant in error on October 31st, and had her evidence shown that the sureties signing said bond were responsible for the amount thereof, she might have been entitled to the relief sought without regard to the defect in the form of the bond; but in this case she attempted to file a bond after the 10-day limit fixed by the statute had expired, since it appears that the bond finally tendered to the plaintiff in error, and the filing and approving of which is sought to be enforced, was not finally signed until November 2d, one day after the time for giving the bond had expired. Nor is there anything in the evidence to show responsibility of the sureties tendered upon the bond. A party seeking to appeal from a judgment of a justice of the peace cannot compel by mandamus the filing and approving of a bond tendered to the justice of the peace after the statutory time for taking an appeal has expired. *Vowell v. Taylor,* 8 Okla. 625-629, 58 Pac. 944; *Bubb v. Cain,* 37 Kan. 692, 16 Pac. 89. The judgment of the court below should be affirmed.

By the Court: It is so ordered.