## BARNES et al. v. C. B. COZART GRAIN CO.

No. 6611—Opinion Filed June 13, 1916.

(158 Pac. 441.)

### Justices of the Peace—Review of Decisions—Causes of Action Involving Amount in Controversy.

An appeal will not lie from the judgment of a justice of the peace, where the recovery sought is for a sum less than $20, exclusive of costs.

(Syllabus by Rummons, C.)

Error from County Court, Ellis County; A. L. Squire, Judge.

Action by the C. B. Cozart Grain Company against William Barnes and others. Judgment for plaintiff, and defendants bring error. Affirmed.

Frank B. Grant, for plaintiffs in error.

Perry J. Morris, for defendant in error.

Opinion by RUMMONS, C. This action was commenced in a justice of the peace court in Ellis county by the defendant in error against the plaintiffs in error to recover the sum of $7.50, the price of one ton of coal. The case was tried in the justice of the peace court to a jury, resulting in a verdict for defendant in error in the sum of $7.50. Plaintiffs in error appealed from the judgment of the justice of the peace, entered upon such verdict, to the county court of Ellis county. In the county court the defendant in error filed its motion to dismiss the appeal for the reason that the amount in controversy was less than $20. The court sustained the motion and dismissed the appeal, and the plaintiffs in error, still feeling aggrieved, bring this proceeding in error to reverse the judgment of the court below.

This action was commenced December 27, 1913, after the taking effect of chapter 135 of the Session Laws of 1913, which reads as follows:

"An appeal may be taken from the final judgment of a justice of the peace in any case, except in cases hereinafter stated in which no appeal shall be allowed: (1) On

judgment rendered on confession. (2) Concerning causes of action involving less than twenty dollars."

. It is contended by plaintiffs in error that inasmuch as this act was approved April 24, 1913, prior to the taking effect of the Harris-Day Code, which went into force on May 16, 1913, it is superseded by said Code and is of no force and effect. We cannot agree with this contention of plaintiffs in error. Section 2 of the Act of the Legislature, approved March 3, 1911 (Sess. Laws 1910-11, p. 70), adopting the Harris-Day Code, reads as follows:

"All general or public laws of the state of Oklahoma not contained in said revision are hereby repealed. Provided, that this act shall not be construed to repeal, or in any way affect any special or local laws, or any appropriation, special election, validating act or bond issue thereby authorized, nor to affect any pending proceeding or any existing rights or remedies, nor the running of the statute of limitations in force at the time of the approval of this act; but all such local and special laws, appropriations, special elections, validating acts, bond issues, pending proceedings, and existing rights and remedies shall continue and exist in all respects as if this act had not been passed, provided, further, that this act shall not be construed to repeal any act of the Legislature enacted subsequent to the adjournment of the extraordinary session of the Legislature which convened in January, 1910."

Thus it will be seen that, by the terms of the act of the Legislature which put the revised Code of laws into force and effect, all acts of the Legislature subsequent to the adjournment of the extraordinary session of the Legislature which convened January, 1910, are preserved in full force and effect and are in no way affected by the adoption of the Code. This being the case, chapter 135, Sess. Laws 1913, was in full force and effect at the time of the commencement of this action and was applicable to the appeal taken by plaintiffs in error.

It is further contended by plaintiffs in error that even if chapter 135, Sess. Laws 1913. was in full force and effect, inasmuch as the costs accruing in the justice of the peace court amounted to the sum of $28.60, which, with the judgment rendered, makes a total of $36.10, the cause of action involved more than $20. The Legislature in adopting the act contained in chapter 135, Sess. Laws 1913, followed the language of the Constitution. In article 2, sec. 19, Williams' Annot., it is said:

"This section shall not be so construed as to prevent limitations being fixed by law upon the right of appeal from judgments of courts not of record in civil cases concerning causes of action involving less than twenty dollars."

We find no merit in this contention of plaintiffs in error. While it is true that the language here used is unusual, the ordinary expression in similar statutes being "the amount in controversy," yet the phrases "amount in controversy" and "cause of action involving" are identical in meaning. It has amount in controversy," yet the phrases "amount in controversy" does not include costs. 24 Cyc. 648. Neither are costs included in the cause of action in the phrase used in our statute. The cause of action in the instant case involves $7.50. The costs were merely incidental to the trial of the cause of action and formed no part thereof.

The trial court was clearly right in dismissing the appeal of plaintiffs in error, and its judgment should, therefore, be affirmed.

By the Court: It is so ordered.