## DEMING INV. CO. v. BLAKEMORE.

No. 7852—Opinion Filed Nov. 14, 1916.

Rehearing Denied Jan. 23, 1917.

(162 Pac. 201.)

### Justices of the Peace—Appeal—Jurisdiction —Amount Involved.

An appeal cannot be taken from the final judgment of a justice of the peace where the amount involved is less than $20.

(Syllabus by Hooker, C.)

Error from Superior Court, Muskogee County; H. C. Thurman, Judge.

Action by W. F. Blakemore against the Deming Investment Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Chas. B. Mitchell and H. A. Kroeger, for plaintiff in error.

Opinion by HOOKER, C. On February 27, 1915, W. F. Blakemore sued the Deming Investment Company in the justice court of Muskogee county for $19.87, alleged to be the cash value of certain goods, wares, and merchandise said to have been taken from him by the Deming Investment Company. A change of venue was had from one justice to another and several continuances. A judgment was rendered for plaintiff as prayed for in the sum of $19.87. Thereupon in due time the Deming Investment Company appealed to the superior court of Muskogee county, in which court a motion to dismiss the appeal for want of jurisdiction therein was filed and sustained, to reverse which an appeal is had to this court.

It appears from an examination of the record that the service of summons was improperly made in this action in the justice court, but, inasmuch as the plaintiff in error

appealed from the judgment of the justice court to the superior court of Muskogee county, by executing bond as provided by law, it waived any error in the service of process and submitted itself to the jurisdiction of the superior court of Muskogee county.

The question to be decided here is a construction of chapter 135 of the Laws of 1913, which is as follows:

"An appeal may be taken from the final judgment of the justice of the peace in any case, except in cases hereinafter stated in which no appeal shall be allowed: (1) On judgment rendered on confession. (2) Concerning causes of action involving less than $20.00."

From an examination of the record here the amount involved in this action in the justice court was less than $20, and it therefore follows that under the provision of the statute above quoted an appeal would not lie from a judgment of the justice of the peace to the superior court of Muskogee county in this action, and the lower court was correct in sustaining a motion to dismiss the appeal for the lack of jurisdiction.

The Supreme Court of Kansas, in the case of Richmond v. Brummie, 52 Kan. 247, 34 Pac. 783, said:

"Where the damages claimed in a civil action by the plaintiff exceed $100, but the judgment is for the plaintiff for $100 only, exclusive of costs, and the defendant prosecutes a proceeding in error, the Supreme Court has not jurisdiction; for the amount or value in controversy, as to such defendant, is fixed by the judgment."

And in the body of the opinion therein it is said:

"As the judgment rendered against the defendant was for $100 only, exclusive of costs, it is apparent that there is, on the part of Richmond, nothing in controversy beyond that amount. Consequently he is not entitled to an appeal or any proceeding in error in this court to review the alleged errors. As the plaintiff below is satisfied with the judgment, the amount in controversy as to the defendant below is fixed thereby."

The Supreme Court of Kansas, in McClelland v. Cragun, 54 Kan. 601, 38 Pac. 776, followed Richmond v. Brummie, supra.

But here the amount sued for and the amount of the judgment was $19.87; hence the amount involved was less than $20, and the judgment of the superior court of Muskogee county dismissing the appeal from the justice court to it is affirmed.

By the Court: It is so ordered.