## McCULLOUGH v. ROOT.

No. 7602—Opinion Filed June 12, 1917.

(166 Pac. 735.)

(Syllabus by the Court.)

**1. Justices of the Peace—Appeal—Motion For New Trial.**

It is not necessary to file a motion for new trial before appealing from the judgment of a justice of the peace.

**2. Same—Appeal by Bill of Exceptions.**

Where the aggrieved party complains of the rulings and decisions of a justice of the peace involving questions of law which are decisive of the issue involved, he may appeal by a bill of exceptions.

Error from District Court, Harper County; W. C. Crow, Judge.

Action of forcible entry and detainer by H. A. Root against L. C. McCullough. Judgment for plaintiff in justice court, and defendant appeals, and from the granting of plaintiff's motion to dismiss the appeal, defendant brings error. Judgment and order of dismissal reversed.

Joseph L. Griffitts, for plaintiff in error.

Dick & McKenzie, for defendant in error.

BRETT, J. This cause was commenced in a justice court by H. A. Root, defendant in error, against L. C. McCullough, plaintiff in error, for the possession of certain real estate.

The parties will be referred to as they appeared in the justice court. Root, the plaintiff in the justice court, sued for the possession of certain real estate under the forcible entry and detainer act, making the usual allegations as to his right to immediate possession and the unlawful detention of said real estate by the defendant, also alleging that notice to vacate had been duly served. Trial was had which resulted in judgment for the plaintiff for possession. The defendant in due time appealed to the district court by a bill of exceptions. Motion was filed by plaintiff, Root, to dismiss the appeal for the reason that defendant, McCullough, had not filed a motion for a new trial in the justice court before taking his appeal. This motion was sustained on the ground:

That the "record fails to show that said defendant filed a motion for new trial in the justice court, or served same upon plaintiff, or that the motion for new trial was ever passed upon by the justice of the peace from whom said appeal is attempted to have been taken; that the time for filing said motion for new trial has expired, and for these reasons the motion of said plaintiff to dismiss said appeal should be sustained."

And it is from this order and judgment dismissing the appeal the defendant has appealed to this court.

We think the court erred in dismissing the appeal. We know of no statute which makes a motion for new trial necessary before taking an appeal from the judgment of a justice of the peace. Sections 5453 and 5454, Revised Laws 1910, and section 1, c. 53, Session Laws 1913, prescribe the pro-

cedure governing motions for new trial in justice courts, and limit the conditions under which they may be filed, but these sections do not either directly or remotely intimate that such motion is the basis of an appeal, nor does any other section of the statute contemplate that a motion for a new trial is essential before taking an appeal from the judgment of a justice of the peace. The only purpose of such motion in a justice court, when authorized, is to obtain another hearing before the same tribunal. Section 1, c. 53, Session Laws 1913, provides that:

"Justices of the peace shall not grant new trials for any cause after verdict by a jury."

This necessarily implies no motion for new trial shall be filed in a justice court where the cause has been tried to a jury. And if it were true that a motion for a new trial was a condition precedent to the right of appeal from the judgment of a justice of the peace, then the effect of this statute would be to deny an appeal in all cases tried to a jury. And such was not the intention of the Legislature.

The bill of exceptions in the case at bar, among other things, was leveled at the sufficiency of the notice and the proof of service of the notice to vacate, which were matters that could be properly reviewed by the district court on a bill of exceptions.

The notice to vacate is the basis of the right of action in a suit against a party for forcible detention. And the right of action does not accrue until proper notice to vacate has been given, and given the statutory time before suit is commenced. The proof of the plaintiff on this point, to which the defendant excepted, and of which he complains in his bill of exceptions, is:

"I did on or about the 10th day of January, 1915, mail a letter to the defendant, Lewis McCullough, that I would want possession of the premises."

It appears that no copy of the letter was attached as an exhibit to the bill of particulars, and no other proof of service of notice to vacate was offered by the plaintiff. And this certainly raised a question that was properly appealable to the district court by a bill of exceptions. Paul v. Fenton, Administrator, 65 Oklahoma, 166 Pac. 731. And no motion for a new trial was necessary before the aggrieved party was entitled to appeal.

The judgment is reversed, and the cause remanded, with directions to vacate the judgment of dismissal, and to reinstate the appeal.

All the Justices concur.