## CHICAGO, R. I. & P. RY. CO. v. LOCKE.

No. 7993—Opinion Filed April 19, 1918.

(172 Pac. 52.)

### 1. Justices of the Peace—Review of Judgment—Methods.

There are two procedures for the review of a judgment of a justice of the peace court: (1) By appeal to a county, superior, or district court to be tried de novo upon both questions of law and facts; (2) by a review upon questions of law, upon a bill of exceptions and petition in error.

### 2. Same.

A review of a judgment of a justice of the peace court by a county, superior, or district court, upon questions of law, may be presented by a bill of exceptions and petition in error, regardless of the amount of such judgment.

(Syllabus by Collier, C.)

Error from District Court, Leflore County: W. H. Brown, Judge.

Action by T. A. Locke against the Chicago, Rock Island & Pacific Railway Company. From a judgment for plaintiff and from an order dismissing its appeal, defendant brings error. Reversed and remanded, with instructions.

Kent W. Shartel, C. O. Blake, R. J. Roberts, and W. H. Moore, for plaintiff in error.

Bagwell & Ellerbee, for defendant in error.

Opinion by COLLIER, C. A judgment was rendered April 7, 1915, in a justice court, against the plaintiff in error, and in favor of the defendant in error, for the sum of $15, and the plaintiff in error attempted a review in a district court of said judgment, by filing in said district court a petition in error, together wth a bill of exception, which contained a history of the case as had in the justice court, including the finding of the justice court, which was duly certified to by the said justice. A summons was duly issued out of the district court, and served on the defendant in error. Thereafter the defendant in error filed a motion to dismiss in the district court "the attempted appeal," which, formal parts omitted, is as follows:

"Comes now the plaintiff, T. A. Locke, and moves the court to dismiss the attempted appeal in this case for the following reasons, to wit:

"(1) Because this court has no jurisdiction to hear and determine the matters in

controversy in this suit, for the reason that the amount involved is less than $20, and the judgment obtained thereon in justice court is for a sum less than $20, and that said judgment is final and the matters therein decided is now res judicata.

"(2) Because there is no mode of procedure provided by law in this state whereby a judgment obtained in justice court for a less sum than $20, and where the amount in controversy was less than said amount, can be appealed or otherwise reviewed in the district court, by petition in error, as is attempted in this case."

Thereafter on the 23rd day of November, 1915, the cause came on for hearing on said motion to dismiss, said motion was sustained, to which action of the court the plaintiff in error then and there excepted, and perfected an appeal to this court. The defendant in error filed a motion to dismiss this appeal, which said motion, being without merit, is overruled.

There is only one error assigned: "That the court erred in dismissing the action of the plaintiff in error."

That a party aggrieved may have the proceedings of the justice of the peace court reviewed by a district court upon a bill of exceptions and petition in error is not an open question in this jurisdiction, such procedure being upheld by several decisions of this court.

Section 5456, Revised Laws 1910, provides:

"Bills of exception may be made and signed in any case tried before a justice of the peace, whether the action be tried by a jury or by the justice, and such bill may be signed at any time within ten days from the day on which judgment is given in the action, and not thereafter."

There is no statute limiting the amount of judgment in which a review by bill of exceptions and petition in error may be had of a judgment of a justice of the peace court.

Section 5456, Revised Laws 1910, provides for a review of a judgment of a justice of the peace court upon questions of law by bill of exceptions and petition in error, in any case.

If there is an apparent conflict in the law governing review of judgment of the justice of peace court, upon bill of exceptions and petition in error, and an appeal from the justice of the peace court to be tried de novo, it is the duty of this court to reconcile said conflict, if possible, and find a field of operations for both of said laws.

"It is a cardinal rule in the construction of statutes that the intention of the Legisla-ture, when ascertained, must govern, and that to ascertain the intent all the various provisions of legislative enactments upon the particular subject should be construed together and given effect as a whole." Board of Com'rs of Creek County et al. v. Alexander, State Treasurer, 58 Okla. 128, 159 Pac. 311.

"In the construction of statutes, harmony, not confusion, is to be sought. Conflicts between different provisions of the statute are not to be held to exist, if harmony by any reasonable construction of them, can be discovered. The true rule has often been said to be that where two acts or parts of acts are reasonably susceptible of a construction that will give effect to both and to the words of each, without violence to either, it should be adopted in preference to one which, though reasonable, leads to the conclusion that there is a conflict. There is no conflict between different provisions of a statute if there is a reasonable meaning of the words used, considering the manner of their use, which will bring them into harmony. Sackett et al. v. Rose, 55 Okla. 398, 154 Pac. 1177, L. R. A. 1916D, 820.

We are not unmindful that this court by numerous decisions (Willoughby v. Summers, 62 Okla. 98, 162 Pac. 206; Deming Inv. Co. v. Blakemore, 62 Okla. 222, 162 Pac. 201; Barnes et al. v. C. B. Cozart Grain Co., 59 Okla. 157, 158 Pac. 441) has held that an appeal will not lie to a judgment for less than $20, but we do not think that these holdings are fatal to a review by bill of exceptions and petition in error of a judgment of a justice of the peace court, where the amount of a judgment sought to be recovered by less than $20, as section 5456, Revised Laws, supra, provides: "In any case such review may be had."

We are therefore of the opinion that the right of review of a judgment of a justice of the peace court by a petition in error and bill of exceptions may be prosecuted regardless of the amount involved in the judgment rendered in said justice of the peace court. The trial court committed reversible error in dismissing the proceedings dismissed.

This case is reversed and remanded upon the authority of Faust v. Fenton, 65 Okla. 243, 166 Pac. 731, Talley v. Maupin, 64 Okla. 196, 166 Pac. 734, L. R. A. 1917F, 912, and McCullough v. Root, 64 Okla. 73, 166 Pac. 735, with instructions to set aside the order dismissing said proceeding for review of said judgment rendered by the justice of peace court, and to proceed to hear and determine the same.

By the Court: It is so ordered.