## MUSKOGEE ELECTRIC TRACTION CO. v. WATTERSON.

No. 11722—Opinion Filed Sept. 25, 1923.

**Appeal and Error — Review by Bill of Exceptions — City Court to District Court —Statutory Procedure.**

On proceeding in district court to review a judgment of a city court by petition in error and bill of exceptions the statutory requirements for transfer of the cause must be observed, and where bill of exceptions is allowed, signed, and filed by the judge of the city court after the time limited therefor by the statute creating such court, such bill of exceptions is a nullity and presents nothing to the district court for review. On petition in error to this court to review a judgment of the district court denying the specifications of error based on a bill of exceptions so allowed and signed, there is likewise nothing presented for review because this court is precluded from acting upon any matter which was not properly before the trial court.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Muskogee County; Benj. B. Wheeler, Judge.

Action was commenced in the city court of Muskogee by Andrew Watterson, as plaintiff, against Muskogee Electric Traction Company, a corporation, as defendant, to recover damages for injury to an automobile belonging to plaintiff. From a judgment in favor of plaintiff for $85 defendant proceeded by petition in error and bill of exceptions to have said judgment reviewed by the district court. Judgment of the district court affirming the judgment of the city court and rendering judgment against defendant for costs in said district court. From this judgment of the district court, defendant has brought the case here by a petition in error and case-made. Affirmed.

Andrew Watterson commenced his action in the city court of Muskogee by filing therein a bill of particulars on May 19, 1919, which in substance alleged damages suffered by plaintiff to a certain automobile owned by him through the negligent operation of one of the street cars of the defendant in the city of Muskogee. Defendant answered the bill of particulars by a general denial and a special plea of contributory negligence. The case was tried to the court without a jury and resulted in a judgment in favor of the plaintiff for $85. Judgment was rendered July 1, 1919, motion for new trial was filed and overruled on the same day, and thereafter, on the 26th day of July, the judge of the city court of Muskogee allowed and signed a bill of exceptions and filed the same as a part of the record in the case. Defendant, Muskogee Electric Traction Company, appealed the case to the district court of Muskogee county by petition in error with said bill of exceptions attached thereto and judgment was rendered in said district court on the 22nd day of May, 1920, affirming the judgment of the city court and rendering judgment against the defendant for the costs accrued in district court. To reverse this judgment of the district court, the case has been brought to this court by petition in error with case-made attached.

J. H. Maxey, R. N. Maxey, Christy Russell, and C. A. Summers, for plaintiff in error.

Neff & Neff, for defendant in error.

Opinion by LOGSDON, C. This case is

presented here for review of alleged error of the district court in denying a petition in error to review a judgment of the city court of Muskogee. The petition in error here alleges numerous grounds of error which this court is precluded from considering by reason of the character of the proceeding from which this proceeding in error is prosecuted.

From a judgment in said city court for $85 the defendant elected to proceed by petition in error and bill of exceptions to the district court instead of by appeal. By that procedure no trial de novo could be had in district court, but district court action was limited to questions of law properly and sufficiently presented by the record as preserved in the bill of exceptions, and to the regularity of the proceedings for the transfer of the cause. Upon error to this court for review of the district court action, only such matters as were properly before and acted upon by that court can be considered.

This proceeding in district court was based upon Sess. Laws 1917, chapter 113, as amended by Sess. Laws 1919, chapter 226, and which has become article 15, ch. 29, Comp. Stat. 1921, secs. 4691 to 4719, inclusive. Section 4705 reads as follows:

"Appeals may be taken in all criminal cases and in all civil cases from any final order or judgment of such court, except in cases where the amount in controversy in the appeal, exclusive of interest and costs, is less than $20 to the district or superior courts of the county wherein such city is located, by filing in such appellate court within thirty days from the date of such order or judgment a petition with a bill of exceptions thereto attached, assigning the ground for reversal and causing a certificate of appeal to be signed by the court clerk to be filed with the clerk of such city court and by serving a notice of appeal upon the opposite party, or his attorney, if found within the county; provided, that trial de nevo shall not be allowed in the appellate court after an appeal upon the record as in this section provided. Section 5256 of the Revised Laws of Oklahoma, 1910, shall be applicable to appeals so taken on the record on questions of law as herein provided, except that bond provided therein for stay of execution shall be filed with the clerk of such court. Sections 5264 and 5265 of the Revised Laws of Oklahoma, 1910, shall in like manner be applicable to proceedings in such court except that in case of reversal of an order or judgment of such court the case shall be certified back to the lower court with the reasons for reversal and for further proceedings consistent with the holding of the appellate court; provided, that nothing in this section or act shall be construed to prevent the general proceedings of the code of civil procedure for justice of the peace courts from being applicable in all cases where the provisions are consistent with and are not covered by the provisions of this act."

Under this section proceedings by petition in error and bill of exceptions to the district court are authorized where the amount in controversy exceeds $20 but trials de novo under such proceedings are prohibited. Trials de novo may be had by proceeding under section 4706, supra, by filing bond for appeal within ten days. By section 4704 the procedure for transferring a cause to the district court by petition in error and bill of exceptions is prescribed by adoption of sections 5455, 5456, and 5457, Rev. Laws 1910 (sections 999, 1000 and 1001, Comp. Stat. 1921), governing justice of the peace courts in such proceedings. The procedure prescribed by these sections as to justice of the peace courts has been upheld by this court as being constitutional. Faust v. Fenton, 65 Okla. 243, 166 Pac. 731; Talley v. Maupin, 64 Okla. 196, 166 Pac. 734; McCullough v. Root, 64 Okla. 73, 166 Pac. 735; C., R. I. & P. Ry. Co. v. Locke, 69 Okla.——, 172 Pac. 52. Section 1000, supra, provides as follows:

"Bills of exception may be made and signed in any case tried before a justice of the peace, whether the action be tried by a jury or by the justice, and such bill may be signed at any time within ten days from the day on which judgment is given in the action, and not thereafter."

The record preserved by the bill of exceptions presented to the district court shows that judgment was rendered and entered in the city court of Muskogee July 1, 1919, and that the bill of exceptions was allowed and signed by the judge of that court July 26, 1919, and filed as a bill of exceptions in that case on that day. By stipulation of parties shown in the record, the motion for new trial was filed and overruled and exception saved the same day the judgment was rendered.

The language of the statute above quoted is plain and unambiguous. The city court of Muskogee is a creature of statute and a court of limited jurisdiction. Therefore its acts, to be jurisdictional, must be clearly within the terms of the statute creating it. A bill of exceptions allowed and signed by the judge and filed in that court after the time limited for such action by the statute creating the court was a nullity, and when filed with the petition in error in the district court presented nothing to that court for review. While the right of appeal is fundamentally guaranteed, to enjoy that

right litigants must comply with the procedure prescribed therefor. Washburn v. Delaney, 30 Okla. 789, 120 Pac. 620; Henderson v. Pendleton, 55 Okla. 41, 154 Pac. 1145; Price v. Price, 73 Oklahoma, 175 Pac. 343.

Complaint is made that the district court erred in entering judgment against defendant for the costs in that court. By section 4705, supra, the provisions of section 5264, Rev. Laws 1910 (Comp. Stat. 1921, sec. 807), are adopted and made applicable to proceedings in error from the city court to the district court. That section provides as follows:

"If the judgment of a justice of the peace, taken on error, as herein provided, to the county or district court, be affirmed, it shall be the duty of such court to render judgment against the plaintiff in error for the costs of suit, and award execution therefor; and the court shall thereupon order the clerk to certify its decision in the premises to the justice, that the judgment affirmed may be enforced, as if such proceeding in error had not been taken; or such court may award execution to carry into effect the judgment of such justice, in the same manner as if such judgment had been rendered in the county or district court."

It is therefore concluded that the judgment of the district court of Muskogee county in holding the specifications of error of defendant not well taken, affirming the judgment of the city court of Muskogee, and rendering judgment for costs in the district court against defendant, was a proper judgment under the law, and should be in all things affirmed.

By the Court: It is so ordered.