## TURNER v. PICKERING.

No. 26228. Jan. 21, 1936.

Rehearing Denied Feb. 4, 1936.

A. L. Emery, for plaintiff in error.

Steele & Boatman, for defendant in error.

GIBSON, J. Plaintiff in error, referred to herein as plaintiff, commenced this action in the justice court of the city of Okmulgee against certain defendants to recover the sum of $15.87 on account. Garnishment proceedings were at the same time instituted,

and the garnishee answered admitting indebtedness to defendants in the sum of $40.24, and deposited that amount in court.

Thereafter, the defendant in error, herein referred to as intervener, filed petition of intervention claiming ownership of said fund so deposited. Judgment was rendered for plaintiff and against defendant for $15.87, and the plea of intervention denied.

Intervener appealed to the district court, where plaintiff's motion to dismiss appeal on jurisdictional grounds was denied. The action of the trial court on said motion is here on appeal, and is the only question presented.

The appeal involves the constitutional and statutory provisions relative to the denial of appeals from judgments of courts not of record "concerning causes of action involving less than $20." Section 19, art. 2, Const..: sec. 1017, O. S. 1931.

Plaintiff says the appeal to the district court was from a judgment in a cause of action involving less than $20 and therefore unauthorized, and that the district court was without jurisdiction to hear and determine said cause.

This contention is in accord with the general rule that "an appeal will not lie from the judgment of a justice of the peace where the recovery sought is for a sum less than $20, exclusive of costs" (Barnes v. C. B. Cozart Grain Co., 59 Okla. 157, 158 P. 441; Deming Inv. Co. v. Blakemore, 62 Okla. 222, 162 P. 201; Willoughby v. Summers, 62 Okla. 98, 162 P. 206) ; except, in such cases where only questions of law are presented on appeal to the county, superior, or district court by bill of exceptions and petition in error. Chicago, R. I. & P. Ry. Co. v. Locke, 69 Okla. 283, 172 P. 52.

Intervener says the cause of action in the justice court involved the entire sum deposited by the garnishee, and therefore the judgment denying his claim thereto was appealable. This statement is true if the cause of action between him and the successful party involved the jurisdictional sum of $20 or more.

The fact that the garnishee deposited in court more money than was required of him under the law could in no manner change the amount involved in the action. Under section 897, O. S. 1931, the garnishee was required to deposit no more than the amount of plaintiff's claim. Plaintiff at all times was unconcerned as to the disposition of the balance of the fund. As between the intervener and the plaintiff, the amount involved was the sum originally claimed by plaintiff. That sum was insufficient to confer jurisdiction on appeal.

Ordinarily, the amount claimed by plaintiff in his complaint or the amount claimed against plaintiff by the defendant in his cross-complaint constitutes the amount involved in the action. It has been said, however, that in a contest between an attaching creditor and the claimant of the attached property or of the fund in court or in the hands of a garnishee, the value of the property or the amount of the fund fixes the appellate jurisdiction. 3 C. J., page 431, sec. 254. The authorities cited in connection with the text apparently support the statement only to the extent that the actual value of the property held under attachment or garnishment, and not the value placed thereon by plaintiff in his petition, is controlling and has reference to cases where the entire fund or all the property so held is claimed by plaintiff. Herrin v. Pugh (Wash.) 38 P. 213; Edwards v. Cosgro (Iowa) 32 N. W. 350. The same text, 3 C. J., 431, sec. 254, continues with the statement: "And where the judgment awards to a claimant of attached property a certain part of the proceeds, it is held that this amount is the amount in controversy." Here the judgment awarded to plaintiff from the proceeds of the garnishment was for a sum less than $20, exclusive of costs, and therefore not appealable.

The Kansas cases relied on by the intervener do not involve the question here considered. They stand for the proposition that an intervener claiming funds held under order of justice court may appeal from an adverse judgment denying his claim to the money. The question of jurisdictional amount is not involved. Stacher v. Rockhill (Kan. App.) 54 P. 286; Gentry v. LeClair (Kan.) 250 P. 257.

In view of the foregoing, we are of the opinion that the district court erred in overruling plaintiff's motion to dismiss the appeal.

The judgment is reversed and the cause remanded, with directions to dismiss the appeal and remand the cause to the justice court.

McNEILL, C. J., and BAYLESS, WELCH. and CORN, JJ., concur.