### SUMMERS et al. v. POWERS.

No. 27542.   Oct. 12, 1937.

Rehearing Denied Jan. 18, 1938.

Porter H. Morgan, for plaintiffs in error.

George Miller, for defendant in error.

PER CURIAM. This is an appeal from the district court of Oklahoma county. The parties occupy the same positions here as in the trial court and will be referred to as plaintiffs and defendant. The action was one in mandamus and was instituted on April 11, 1931. The petition of plaintiffs alleged, in substance, that they had been sued in the justice court of the defendant for the sum of $33 and that on March 12, 1931, the defendant had rendered a judgment against them for the sum of $17.24 and costs; and that on March 21, 1931, they had tendered to the defendant a good and sufficient bond for the appeal of said cause to the district court; that the defendant took no exceptions to either the form or sufficiency of said bond and filed the same, but refused to approve it or to make up a transcript on appeal and to certify the papers in said cause to the district court as he was required to do by the provisions of section 1022, O. S. 1931, and instead had issued an execution on said judgment against the property of said plaintiffs. Plaintiffs prayed for a peremptory writ of mandamus. The alternative writ was issued and was served upon the defendant promptly, but no return was made thereunder and no pleading filed in the cause by the defendant until May 1, 1936, at which time he filed a motion for judgment on the pleadings. This motion was in form and substance a general demurrer. The trial court sustained the motion on the day it was filed and entered a judgment dismissing the action. The plaintiffs saved proper exceptions and gave notice in open court of their intention to appeal to this court from the judgment so rendered. Plaintiffs thereafter filed a motion for new trial, which was overruled and denied on September 4, 1936. Petition in error, together with case-made, which is sufficiently certified as a transcript, was filed in this court on October 22, 1936. The appeal was lodged here within the statutory time after judgment was rendered on the pleadings and presents for review the errors appearing on the face of the record. The contention of the defendant that the appeal should be dismissed for want of jurisdiction is without merit.

Plaintiffs assign eight specifications of error, which they present and discuss under four propositions. These resolve themselves into the single question of whether the petition of the plaintiffs showed a clear legal right to the writ sought. Under section 1017, O. S. 1931 (39 Okla. Stat. Ann. 250), an appeal from a final judgment of a justice of the peace is a matter of right except where the judgment has been rendered on confession or on a cause of action involving less than $20. It was stated in the petition of plaintiffs that the suit was for the sum of $33, although judgment was rendered only for the sum of $17.24. As stated in the case of Turner v. Pickering, 175 Okla. 608, 53 P. (2d) 1124:

"Ordinarily, the amount claimed by plaintiff in his complaint or the amount claimed against plaintiff by the defendant in his cross-complaint constitutes the amount involved in the action."

The defendant's motion for judgment on the pleadings admitted the facts stated in the petition and invoked the court's application thereto of the law. Ellis v. Armstrong, 28 Okla. 311, 114 P. 327; Rider v. Brown, 1 Okla. 244, 32 P. 341; Beadles v. Fry, 15 Okla. 428, 82 P. 1041, 2 L. R. A. (N. S.) 855.

The petition stated facts sufficient to show a clear legal right in the plaintiffs to the relief sought and a corresponding plain duty on the part of the defendant to perform, and that the acts whose performance were sought did not involve the exercise of discretion, and that the writ would afford plaintiffs an availing remedy and that they had no other adequate remedy. Under such circumstances, in the absence of any defense or excuse, performance may be compelled by mandamus. Boorigie v. Camp, 42 Okla. 258, 140 P. 1148. From what has been said it is apparent that the trial court was in error in sustaining the motion of the defendant for judgment on the pleadings and in dismissing the cause of action. The judgment is reversed and remanded, with directions to set aside the order dismissing the action and to reinstate the same and overrule the motion for judgment on the pleadings and to proceed further not inconsistent with the views herein expressed.

Reversed and remanded, with directions.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, CORN, GIBSON, HURST, and DAVISON, JJ., concur. WELCH and PHELPS, JJ., absent.