McKITTERICK v. CARMICHAEL.

*99 P. 2d 1040.*

No. 28550.    Feb. 20, 1940.

Rehearing Denied March 12, 1940.

Hughey Baker, of Tulsa, for plaintiff in error.

Irvine E. Ungerman, of Tulsa, for defendant in error.

WELCH, V. C. J. Nora McKitterick, plaintiff in error, filed this action in the court of common pleas, Tulsa county, Okla., against Ed Carmichael, justice of the peace, praying that a writ of mandamus issue commanding the justice of the peace to approve her appeal bond and transcript a certain case to the common pleas court of Tulsa county on appeal.

The record reveals that judgment was rendered against the plaintiff in error in the justice of the peace court in the sum of $104 on March 10, 1938. An appeal bond was tendered on March 16, 1938; this bond was disapproved by the justice of the peace. A second appeal bond was tendered on March 18, 1938, at which time the justice of the peace informed the plaintiff in error he would have to check up on it before he either approved or disapproved it. The attorney for the plaintiff in error was notified by the justice of the peace on March 21st that the bond had been disapproved. The plaintiff in error obtained an alternative writ of mandamus from the common pleas court on March 22, 1938, which was served upon the justice of the peace on the morning of March 23, 1938. Upon the hearing the court of common pleas denied the petition for a writ of mandamus filed by plaintiff in error, and it is from the order of the court of common pleas that this appeal was taken.

On the bond tendered to the justice of the peace, the sureties not only qualified by their affidavits as required by law (sec. 91, O. S. 1931, 12 Okla. St. Ann. § 62), but also listed in detail the property owned, and upon which the qualifying affidavit was based.

The trial record reveals the following upon cross-examination of the justice of the peace in reference to the property listed on the bond:

"Q. That would make it worth $500 to $650 the property that was listed, would it not? You found the property listed not counting the real estate to be worth $550, maximum $650? A. Yes, that is right. Q. You found no mortgage against that? A. No. Q. From your investigation her statement that it was unencumbered is true? A. Yes."

From the above testimony of the justice of the peace we fail to see any reason or excuse for him not approving the bond.

It is shown by the evidence beyond question that the sureties on the appeal bond owned property of sufficient value to make the bond good and sufficient. It was clearly the duty of the justice of the peace to approve this bond.

We have held that disapproval of an appeal bond by a justice of the peace is the exercise of discretion reposed in him by statute; and, where it is not made to appear that his action was arbitrary and constituted an abuse of his discretion, his action cannot be controlled by mandamus. However, we are of the opinion that this rule does not apply here. From the testimony of the justice of the peace himself it appears that he abused his discretion and acted in an arbitrary manner in disapproving the appeal bond.

When a party has tendered to a justice of the peace a good and sufficient appeal bond in statutory form within the time provided by statute, and said justice of the peace fails to approve said bond and to make up a transcript of his proceedings and to transmit the papers in said cause to the court des-ignated in said bond, in the absence of any sufficient excuse therefor, he may be compelled by mandamus to perform such duties. Summers v. Powers, 181 Okla. 549, 75 P. 2d 411.

The court of common pleas should have granted the writ of mandamus. Therefore, the judgment is reversed and remanded, with directions to grant the writ of mandamus as prayed for.

BAYLESS, C. J., and RILEY, CORN, and GIBSON, JJ., concur.